981 A.2d 875

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Dexter PITTS, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 23, 2008.

Decided Oct. 20, 2009.

Hugh J. Burns, Jr., Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

Mr. Dexter Pitts, for Dexter Pitts.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

### OPINION

EAKIN, Justice.

The Commonwealth appeals from the Superior Court's order vacating the order denying appellee, Dexter Pitts, relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.

§ 9541 *et seq.*, dismissing Pitts's PCRA petition, and granting PCRA counsel's request to withdraw; the Superior Court remanded for the filing of an amended PCRA petition. Finding the Superior Court erred in concluding PCRA counsel did not comply with the dictates of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*)[1] for withdrawal, we reverse.

In January and May, 2003, Pitts pled guilty to simple assault and ten counts of burglary. He was sentenced to an aggregate 21 to 42 years imprisonment and a consecutive ten-year probation term. Plea counsel, who also represented Pitts at sentencing, filed a petition to vacate and reconsider sentence on the basis of Pitts's remorse, drug addiction, age, and the fact the burglaries did not involve violence, as no one was present in the hotel rooms he burglarized; the motion was denied.[2] No direct appeal was filed.

1. These cases establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. *Turner*, at 928 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 558, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Such independent review requires proof of:

   1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
   2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
   3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
   4) The PC[R]A court conducting its own independent review of the record; and
   5) The PC[R]A court agreeing with counsel that the petition was meritless.

   *Finley*, 550 A.2d at 215. Hereinafter, *"Finley"* refers to the Superior Court's decision on remand from the United States Supreme Court, not the United States Supreme Court's decision.

2. Pitts also filed a *pro se* motion to withdraw his plea, claiming counsel mistakenly advised him to plead guilty and the trial court failed to advise him he could receive consecutive sentences. Then–Rule 576(C) of the Rules of Criminal Procedure provided where a defendant who is represented by counsel submits a motion, the clerk of courts "shall not docket or record it, but shall forward it to the defendant's attorney within [ten] days...." Pa.R.Crim.P. 576(C) (amended March 3, 2004, effective July 1, 2004). The current version of the Rule provides the

4

In June, 2003, Pitts filed a *pro se* PCRA petition alleging he pled guilty based on counsel's mistaken advice that he would receive a maximum sentence of five to ten years imprisonment. PCRA counsel was appointed, but did not file an amended petition. Instead, counsel filed a no-merit letter pursuant to *Turner/Finley*, alleging she had reviewed Pitts's files, the notes of testimony from his pleas and sentencing, and had communicated with Pitts. *See* Original Record D–5, *Turner/Finley* Letter, 7/22/04, at 1. Based upon this review, she stated the issue raised in Pitts's PCRA petition—the voluntariness of his plea—lacked merit, and gave a thorough explanation of why the issue was meritless. *Id.*, at 3–5. Counsel further averred there were no other viable issues which could be raised in an amended petition, *id.*, at 1, and accordingly sought leave to withdraw from the case. *Id.*, at 5. After giving the requisite notice of its intent to dismiss Pitts's petition without a hearing, *see* Pa.R.Crim.P. 907(1), and receiving no reply from Pitts, the PCRA court dismissed the petition as meritless and granted counsel's request to withdraw.

Pitts filed a *pro se* appeal, in which he did not raise the guilty plea issue argued in his PCRA petition. Instead, he raised a new issue: whether PCRA counsel was ineffective for failing to raise plea counsel's ineffectiveness for not filing a direct appeal. *See Commonwealth v. Pitts*, No. 2929 EDA 2004, unpublished memorandum at 2 (Pa.Super. filed January 26, 2006).

The Superior Court vacated the PCRA court's order and remanded for an evidentiary hearing, concluding:

In view of [Pitts's] claim that he communicated his desire to appeal to [plea counsel], we find that [Pitts] has pleaded sufficient facts upon which PCRA counsel could have amended the petition to include a claim of [plea] counsel ineffectiveness. Had PCRA counsel pleaded these facts and

clerk shall accept the motion for filing, time-stamp it, docket it, and forward a copy to the defendant's attorney within ten days. *See id.*, 576(A)(4). The Rule in effect at the time of Pitts's *pro se* motion prohibited the clerk from filing it, and the record does not reveal whether the clerk forwarded the motion to Pitts's counsel; the motion was never filed or ruled upon.

obtained an affidavit from [Pitts] which attested to them, an evidentiary hearing on this claim would have been warranted.

\* \* \*

Moreover, [Pitts] has stated that he asked his PCRA counsel to amend the petition to include this claim and that she neglected to do so. In our view, such an allegation, if believed by the PCRA court, satisfies the arguable basis prong of the PCRA ineffectiveness claim. Moreover, if PCRA counsel failed to raise this meritorious claim, we may only conclude that [Pitts] suffered prejudice (*i.e.* the loss of the reinstatement of his direct appeal rights). *[Commonwealth v.] Lantzy,* [558 Pa. 214, 736 A.2d 564, 572 (Pa.1999).]

*Id.,* at 5–6. Thus, although Pitts had not filed affidavits asserting he asked plea counsel and PCRA counsel about a direct appeal, the Superior Court remanded for an evidentiary hearing on Pitts's layered ineffectiveness claim.

The Commonwealth moved for reconsideration, which the Superior Court granted. The Superior Court again vacated the PCRA court's order, this time focusing on PCRA counsel's *Turner/Finley* letter. *See Commonwealth v. Pitts,* No. 2929 EDA 2004, unpublished memorandum at 4, 915 A.2d 148 (Pa.Super. filed October 27, 2006) ("Although [Pitts] contends that his PCRA counsel rendered ineffective assistance, we must first determine whether the PCRA court properly permitted counsel to withdraw.") (citing *Commonwealth v. Friend,* 896 A.2d 607, 612 (Pa.Super.2006)). The court concluded the PCRA court improperly permitted counsel to withdraw on the basis of her no-merit letter. *Id.,* at 5. It noted counsel did not analyze whether Pitts could mount a successful challenge to the discretionary aspects of his sentence:

While we recognize that a claim challenging the discretionary aspects of sentence is not cognizable under the PCRA, *see Friend, supra* at 616 n. 15, counsel did not even articulate whether [Pitts] could satisfy the requirements for reinstatement of his direct appeal rights under *Commonwealth v. Lantzy,* [558 Pa. 214], 736 A.2d 564 ( [Pa.] 1999) and its progeny. If the PCRA court reinstated [Pitts's] direct

6

appeal rights, [he] could petition for review of the sentencing claims that his [plea] counsel raised. . . .

*Id.,* at 6. The Superior Court also noted PCRA counsel did not explore whether plea counsel was ineffective for failing to raise other challenges to the discretionary aspects of sentence in the motion to vacate and reconsider sentence. *Id.,* at 6–7. Accordingly, the court concluded PCRA counsel had not complied with the *Turner/Finley* withdrawal requirements because, although the no-merit letter indicated Pitts's dissatisfaction with the length of his sentence, it failed to explain why Pitts could not obtain relief on this claim. *Id.,* at 7.

Further, the court addressed PCRA counsel's failure to discuss plea counsel's failure to file a direct appeal:

Although the existing record does not permit us to conclude whether [Pitts] asked his [plea] counsel to file a direct appeal, we find PCRA counsel's silence on this issue troubling. It is inconceivable that any PCRA counsel would not inquire into the reasons for his/her client's failure to pursue a direct appeal. If PCRA counsel considered this issue, discussed it with her client, and then discounted it, she should have explained her reasons for doing so in the no-merit letter. However, if [Pitts] asked his [plea] counsel to file an appeal (as he indicates in his appellate brief), [PCRA] counsel should have filed an amended petition and sought an evidentiary hearing.

*Id.,* at 8. The court determined PCRA counsel failed to comply with *Turner/Finley*; thus, it vacated the PCRA court's order and remanded "for the filing of an amended [PCRA] petition in which counsel properly *pleads* and *proves* (1) each of the claims raised in [Pitts's] *pro se* petition, (2) any issues raised in subsequent discussion/correspondence with [Pitts,] and (3) any other issues apparent from the certified record." *Id.,* at 8–9 (emphasis in original). It further ordered PCRA counsel to approach Pitts about signing an affidavit regarding his assertion he asked plea counsel to file a direct appeal. *Id.,* at 9 (citing Pa.R.Crim.P. 902(A)(12) and (D) (petition must include facts supporting petition and place in record where they appear; to extent they do not appear in record, petition must

include affidavits, documents, and other evidence showing such facts)).

We granted allowance of appeal to determine whether the Superior Court erred in creating new *Turner/Finley* requirements, *sua sponte*, by finding PCRA counsel's no-merit letter defective for failing to address issues Pitts never raised, and which were not apparent from the record. *See Commonwealth v. Pitts*, 596 Pa. 258, 942 A.2d 893 (2008).

In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error. *Commonwealth v. Strong*, 563 Pa. 455, 761 A.2d 1167, 1170 n. 3 (2000).

The Commonwealth argues the Superior Court should not have addressed whether PCRA counsel's no-merit letter met the *Turner/Finley* requirements, as any claim regarding the no-merit letter was waived—Pitts did not raise it in the PCRA court during the 20–day response period provided by Pa. R.Crim.P. 907(1). The Commonwealth further argues PCRA counsel's no-merit letter complied with the *Turner/Finley* requirements, and the Superior Court should not have, *sua sponte*, created the requirement that counsel explain why all conceivable claims for relief are meritless.

Pitts counters by asserting the first time he could challenge PCRA counsel's stewardship was on collateral appeal from the denial of his PCRA petition, as that was the first time he was no longer represented by PCRA counsel; therefore, the issue regarding counsel's withdrawal was not waived. He echoes the Superior Court's conclusion that PCRA counsel should have realized he was unhappy with his sentence and the only way to challenge the discretionary aspects of his sentence was to obtain reinstatement of his direct appeal rights; this required PCRA counsel to file an amended PCRA petition alleging plea counsel's ineffectiveness for failing to file a direct appeal.

8

■ In examining the adequacy of PCRA counsel's no-merit letter before addressing the merits of Pitts's ineffectiveness claim, the Superior Court relied on *Friend.* There, the defendant filed a timely *pro se* PCRA petition. Counsel was appointed, but did not amend the petition; instead, she filed a motion to withdraw and a no-merit letter stating there were no viable issues under the PCRA which would afford relief. The PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the defendant's petition without a hearing; however, the court did not afford the defendant 20 days to respond, as required by the Rule, and instead contemporaneously dismissed the petition. The defendant appealed *pro se,* contending appellate counsel was ineffective for failing to develop or perfect issues to be presented on direct appeal, and for failing to petition this Court for review.

In a *per curiam* decision, the Superior Court stated, "Prior to addressing these questions, however, we are obliged to examine the procedures that preceded this appeal, specifically the efforts by appointed counsel to withdraw and the ultimate dismissal of the underlying PCRA petition." *Friend,* at 612. The court, after reiterating the *Turner/Finley* requirements, added an additional requirement:

> *PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.*

*Id.,* at 614 (emphasis in original). The court noted the requirement was to be applied prospectively. *Id.,* at 614–15 & n. 11. Observing that counsel never apprised the defendant of his case status or his rights in the event the court granted the withdrawal petition, the court concluded these omissions were compounded by the PCRA court's failure to afford the defendant 20 days to respond to the Rule 907 notice. *Id.,* at 615. Accordingly, the court held the trial court's failure to comply

with the Rules of Criminal Procedure necessitated vacating the PCRA court's order and remanding for further proceedings. *Id.*, at 616.

■ The *Friend* court was justifiably concerned that PCRA counsel who wishes to withdraw should fulfill certain minimum obligations to his client before being relieved of his responsibilities; however, in holding it was "obliged to" rule on the adequacy of PCRA counsel's no-merit letter, *Id.*, at 612, when such issue was not raised by the parties, the court went beyond the parameters of appropriate appellate review. To the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue, we disavow such holding.[3]

■ Accordingly, the Superior Court's decision, based on the proposition in *Friend*, was in error. The only issue Pitts sought to raise before the Superior Court was whether PCRA counsel should have raised the issue of plea counsel's failure to pursue a direct appeal.[4] Neither party raised the issue of the

3. The Commonwealth asserts Pitts waived any issue pertaining to the adequacy of PCRA counsel's no-merit letter by failing to raise it during Rule 907's 20-day response period. We agree, finding Pitts's failure to challenge PCRA counsel's withdrawal upon his receipt of counsel's no-merit letter or within the 20-day period telling. Additionally, Pitts's failure to raise the issue before the Superior Court on collateral appeal from the denial of his PCRA petition precludes consideration of it. *See Commonwealth v. Freeman*, 573 Pa. 532, 827 A.2d 385, 397 (2003) ("It [is] 'elementary that issues not preserved for appellate review or, even if raised at the trial level, not raised by a party to an appeal, will not be considered by an appellate court.' ") (quoting *Commonwealth v. McKenna*, 476 Pa. 428, 383 A.2d 174, 179 (1978)); *Commonwealth v. Branham*, 467 Pa. 605, 359 A.2d 766, 767 n. 3 (1976) (this Court has criticized practice of appellate courts reaching issues not presented by litigants).

4. Furthermore, Pitts's failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness for not raising the direct appeal issue results in waiver of the issue of PCRA counsel's ineffectiveness. Pitts's attempt to obtain review, on collateral appeal, of an issue not raised in the proceedings below amounts to a serial PCRA petition on PCRA appeal. Although Pitts asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the

adequacy of PCRA counsel's no-merit letter, the Commonwealth was not afforded the opportunity to provide advocacy on the issue, and the Superior Court should not have resolved the appeal on an issue not before it. Pitts's appeal was from the denial of his PCRA petition complaining of the involuntariness of his plea and his lengthy sentence;[5] he sought reinstatement of his direct appeal rights so he could raise these issues. Such an appeal should not result in chastisement of counsel and an order for an amended PCRA petition with mandatory contents and proof, to include issues never raised.

Thus, it was error for the Superior Court to review the adequacy of counsel's no-merit letter and to remand for amendment of Pitts's PCRA petition, dictating the contents; we reverse the Superior Court's order and reinstate the PCRA court's order dismissing Pitts's PCRA petition without a hearing and granting counsel leave to withdraw.

Order reversed.

Chief Justice CASTILLE, and Justice McCAFFERY and Justice GREENSPAN join the opinion.

notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so. Thus, the issue of whether PCRA counsel was ineffective for failing to raise the direct appeal issue was waived, and the Superior Court should not have reached it.

5. "I plead [sic] [guilty] solely on the rushed advice of my attorney whom [sic] told me I would get a certain amount of time and got so much more[.]" PCRA Petition, 7/1/03, at 6. Although Pitts mentioned the length of his sentence in connection with the voluntariness of his plea, his actual argument was he pled guilty in hopes of receiving a lesser sentence and was disappointed with the sentence the trial court imposed; he did not challenge the discretionary aspects of his sentence (i.e., the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process; see Commonwealth v. Tuladziecki, 513 Pa. 508, 522 A.2d 17 (1987)). While counsel's no-merit letter notes, "It is clear from correspondence ... that [Pitts] is unhappy with the length of his sentence[,] Original Record D–5, Turner/Finley Letter, 7/22/04, at 4–5, Pitts's real claim was plea counsel's 'promise'" of a lesser sentence induced his plea, and had he known the trial court was going to impose the maximum sentence, he would rather have taken his chances before a jury and possibly been found not guilty.

Chief Justice CASTILLE files a concurring opinion.

Justice BAER files a dissenting opinion in which Justice SAYLOR and Justice TODD join.

CASTILLE, Chief Justice, concurring.

I join the Majority Opinion in its entirety, but write separately to further address three points.

First, the Majority properly disapproves of *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006) (*per curiam*), upon which the panel below relied, to the extent that *Friend* suggests that an appellate court must *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue. Majority Op. at 7–10, 981 A.2d at 879–80.[1] We have never approved of such a requirement; such requirement negates the purpose of the procedures outlined in *Turner/Finley*,[2] and the requirement ignores that courts generally are to accept cases as the parties present them.

However, I address another aspect of *Friend. Friend* also held that PCRA[3] counsel seeking to withdraw pursuant to *Turner/Finley* must contemporaneously serve the petitioner with copies of counsel's application to withdraw and no-merit letter as well as "a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel." *Friend*, 896 A.2d at 614 (emphasis omitted). This additional requirement is not explicitly commanded by *Turner*. Recognizing that this refinement of the *Turner/Finley* procedure altered the existing withdrawal construct, the *Friend* panel made its rule prospective—and thus, it would not apply to this case, where counsel's *Finley* letter in 2004 pre-dated the *Friend* decision in 2006. *See Friend*, 896 A.2d at 614–15 & n. 11.

1. Notably, Mr. Justice Baer's Dissenting Opinion agrees with our disapproval of *Friend.*

2. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988).

3. Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

As a general matter, of course, the Superior Court is not authorized to promulgate rules of procedure; that power rests exclusively with this Court. PA. CONST. art. V, § 10(c). Having said that, however, I recognize that our front-line criminal appeals court confronts these sorts of issues on a near-daily basis, and I have no fixed objection to the court undertaking to adopt efficiencies and improvements in order to better serve justice. But this case, in which we disapprove of the Superior Court's *sua sponte* review of the sufficiency of a *Finley* no-merit letter when the defendant has not raised such issue, shows that the Superior Court should proceed cautiously in areas that implicate rulemaking. *See Commonwealth v. Liston*, 977 A.2d 1089, 1095 (Pa.2009) (Castille, C.J., joined by Saylor and Eakin, JJ., concurring).

In any event, putting aside the question of whether the Superior Court should purport to promulgate new "rules" or refine old ones in procedural matters, I note that I would have no actual objection to this Court's adoption of a *Friend*-like modification of *Turner/Finley* that better ensures notice to the defendant via documentation provided contemporaneously by counsel. This mechanism effectively advances the goal of Pa.R.Crim.P. 907, which provides as follows:

If the [PCRA court] is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the [court] shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. **The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The [PCRA court] thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.**

Pa.R.Crim.P. 907(1) (emphasis added). Requiring PCRA counsel to provide the defendant with the *Finley* letter and the additional specified documentation will make it easier for the defendant to respond and raise objections within the

twenty-day period contemplated by Rule 907. In many instances, the procedure will also provide the client with more than twenty days to respond or prepare objections.

The Rule 907 process, in turn, is important for issue preservation purposes. This is so because, as the Majority correctly holds, the *Finley* appellant, like appellants generally, should be limited to raising issues he actually raised before the PCRA court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower courts are waived and cannot be raised for the first time on appeal."); *see also* 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under th[e PCRA], the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the allegation of error has not been ... waived."). In my judgment, the fact that indigent PCRA petitioners typically initiate the PCRA process by identifying their complaints in their own *pro se* filings, when combined with *Finley's* command of review by both counsel and the PCRA court and the notice provision in Rule 907, provides more than adequate opportunity for the *Finley* appellant to preserve any and all appropriate issues for appeal, including complaints about *Finley* counsel.

Here, appellee has raised no complaint that the twenty-day period was insufficient. PCRA counsel's *Turner/Finley* letter, dated July 22, 2004, was copied to appellee and filed with the court on July 23, 2004. That same day, the case was listed for formal dismissal on August 20, 2004, on which date it was continued to September 30, 2004, with the requisite notice to appellee that it intended to dismiss his petition without a hearing, which the Honorable D. Webster Keogh formally did by order dated September 30, 2004, more than two months after counsel's *Turner/Finley* letter. At no time did appellee respond in any manner, much less advise the court that PCRA counsel had failed to act upon his alleged request to add a claim that plea counsel was ineffective for failing to file an appeal or that he had requested plea counsel to file an appeal.

What appellee did was file a notice of appeal, *pro se,* from the dismissal of his PCRA petition on October 13, 2004, asserting PCRA counsel ineffectiveness. Along with that notice, appellee included a letter to Judge Keogh acknowl-

edging receipt of the order dismissing his PCRA petition and complaining that he pleaded guilty upon the assurance of his plea counsel that he would receive at most a five-to-ten-year sentence. In this letter, appellee also claimed that he asked plea counsel to file an appeal but that plea counsel failed to do so. Appellee admitted in this letter that he had failed to raise the issue of his lost direct appeal in his *pro se* PCRA petition, but then insisted that he requested PCRA counsel to amend his PCRA petition to include a claim that plea counsel denied him his right to direct appeal. I would hold that by this point, it was too late.

Second, I write separately to elaborate on the Majority's determination, with which I agree, that appellee's "failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness for not raising the direct appeal issue results in waiver of the issue of PCRA counsel's ineffectiveness." Majority Op. at 9 n. 4, 981 A.2d at 880 n. 4. The Majority reaches this conclusion in passing and expresses it in a footnote. Mr. Justice Baer's Dissenting Opinion rightly notes that this issue is of serious import, implicating a division on the Court recently expressed in *Commonwealth v. Ligons*, 971 A.2d 1125 (Pa.2009), and also calling into question existing authority of this Court. I would expressly acknowledge those facts, and I write to explain why I agree with the Majority's adoption of the position I set forth, at great length, in *Ligons*.

The justification for finding that appellee's claim of PCRA counsel ineffectiveness is waived and must be deferred to the serial PCRA petition process is even stronger here than in *Ligons*. In *Ligons*, the plurality,[4] per Mr. Justice Baer, would have held that the appellant's claims of PCRA counsel ineffectiveness, raised for the first time on appeal, could be entertained because "the only way to afford a capital PCRA peti-

---

4. Although *Ligons* was a majority opinion on certain issues and with respect to the mandate, it did not garner a majority for this proposition. *See Ligons*, 971 A.2d at 1159 (Castille, C.J., joined by Eakin and McCaffery, JJ., concurring) (noting that "Mr. Justice Baer's lead opinion is not a majority expression respecting the points of concurrence I outline below"). The six-Justice Court was evenly divided on the point at issue here.

tioner an opportunity to enforce his right to effective PCRA trial counsel is to permit the filing of such claims on appeal from the denial of PCRA relief." *Ligons,* 971 A.2d at 1140.

In a concurring opinion joined by Justice Eakin and McCaffery, I asserted various reasons why such claims should be resolved within the serial PCRA petition process and simply cannot be raised for the first time on appeal from denial of the appellant's first PCRA petition. First, claims not raised before the PCRA court must be deemed waived on appeal because to entertain their merits improperly turns the appeal court into a court of original jurisdiction and amounts to a violation of Pa.R.A.P. 302(a), which expresses "a settled and salutary principle of appellate review that we will not reach claims that were not raised below." *Id.* at 1162–63 (Castille, C.J., joined by Eakin and McCaffery, JJ., concurring).

Nor, as I explained in *Ligons,* did the PCRA's statutory time-bar rules condone such an allowance:

> The PCRA time-bar plainly provides that . . . "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the petitioner proves one or more of three narrow exceptions to the time-bar. 42 Pa.C.S. § 9543(b)(1). Notably, there is no exception devoted to claims of PCRA counsel ineffectiveness, and this Court has consistently held that claims of ineffectiveness of PCRA counsel will not overcome the timeliness requirements of the PCRA because defense counsel are not "government officials." *See Commonwealth v. Wharton,* 584 Pa. 576, 886 A.2d 1120, 1127 (2005) (citing *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911, 915–16 (2000); *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780, 785–86 (2000); *Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585, 589 (2000)).

*Ligons,* 971 A.2d at 1164 (Castille, C.J., concurring). I posited that "nothing in the text of the PCRA suggests that it may be ignored to indulge new appellate claims sounding in PCRA counsel ineffectiveness, which amount to a serial petition." *Id.* at 1165.

16

Instantly, in his Dissenting Opinion, Justice Baer, citing: *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 699–700 (1998); *Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 302 (1999), upon which the Superior Court relied; and *Commonwealth v. Hall,* 582 Pa. 526, 872 A.2d 1177, 1182 (2005), reiterates the view that he forwarded in *Ligons* that claims challenging PCRA counsel's stewardship must be entertained in this Court even if not raised below in order to give effect to a PCRA petitioner's right under Rule of Criminal Procedure 904 to effective post-conviction counsel. *See* Dissenting Op. at 27, 981 A.2d at 891; *Ligons,* 971 A.2d at 1138 (citing *Albrecht,* 720 A.2d at 699–700, *Pursell,* and *Hall* ). As I noted in my Concurring Opinion in *Ligons:*

> *Albrecht* and *Pursell* were decided, and Hall was litigated below and briefed here, before *Commonwealth v. Grant* [, 572 Pa. 48, 813 A.2d 726 (Pa.2002) ] was decided. Before *Grant,* the prevailing **judicial** rule under *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977) and its progeny commanded that claims of ineffective assistance of counsel had to be raised, upon pain of waiver, at the first opportunity when new counsel entered a case-including when new counsel entered on PCRA collateral appeal. The comments in the pre-*Grant* cases must be understood in light of that reality.
>
> 　　　　　*　*　*
>
> … [T]his Court overruled *Hubbard* in *Grant,* thereby relieving new counsel of the obligation to raise ineffective assistance claims at the first opportunity. *Grant,* 813 A.2d at 738. In light of *Grant,* no judicial waiver results from a failure to raise ineffectiveness claims at the first opportunity. What remains is the normal appellate review/issue preservation paradigm, and the strictures of the PCRA. The *Hubbard*-based "only opportunity to do so" rationale for entertaining new claims outside the strictures of the PCRA having been corrected, it is time for this Court to permit the PCRA to operate as it is clearly intended.

[ ]

Of course, there was more to *Albrecht* than a *Hubbard* concern; there was, also, a sentiment that there must be some safeguard of the "enforceable" right to PCRA counsel. But, that avenue cannot be creation of an extra-statutory, "as-of-right" ability to litigate a new, unlimited, and essentially serial PCRA petition on PCRA appeal, merely because new counsel time their appearance into the case that way.

*Ligons*, 971 A.2d at 1165–66 (Castille, C.J., concurring). I still hold this view.

Justice Baer's Dissenting Opinion, consistently with the view he expressed in *Ligons*, responds that requiring only one opportunity to challenge the effectiveness of PCRA counsel is "obviously unworkable" (Dissenting Op. at 22, 981 A.2d at 888; *accord id.* at 890) and that, in order to vindicate the right to effective PCRA counsel, "there is no viable alternative to" allowing an appellate court to address claims of PCRA counsel ineffectiveness that were not raised below (*id.* at 29–30, 981 A.2d at 892–93). *See Ligons*, 971 A.2d at 1166 (Castille, C.J., concurring) (quoting similar arguments offered by plurality). As I noted in my *Ligons* concurrence, the view expressed by the Dissenting Opinion here:

> overlooks how arbitrary [its] rule is. The rule does nothing to vindicate the right to effective PCRA counsel for the overwhelming majority of defendants, in capital and non-capital cases alike, who do not have new counsel on PCRA appeal. If those defendants believe their PCRA counsel were ineffective, they are faced with the time and serial petition restrictions of the PCRA, as well as the *Lawson* standard.[5]

*Id.* at 1166–67; *cf. Commonwealth v. Liston*, 977 A.2d 1089, 1100–01 (Pa.2009) (Castille, C.J., joined by Saylor and Eakin, JJ., concurring) ("There is no reason, consistent with the PCRA, to authorize trial courts to arbitrarily permit an extra round of collateral attack for some but not all defen-

---

5. *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107, 112 (1988) ("[A] second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred.").

dants. . . . ."). As I further noted in my *Ligons* concurrence, "[t]here is an obvious course that would allow for full, rather than select, vindication of the right to effective PCRA counsel"—*i.e.*, "permit all defendants to pursue a second PCRA petition as of right. But the PCRA does not authorize that path." *Ligons*, 971 A.2d at 1167 (Castille, C.J., concurring). The Dissenting Opinion, like the *Ligons* plurality, thus suggests a "half-measure [that] allows the Court to maintain the pretense that it is not flouting the statute, when in fact we are flouting it, but in an incomplete and arbitrary way." *Id.*

As I noted at the outset, the scenario here provides more reason not to subvert the PCRA review paradigm than the typical case, where a defendant is represented by new counsel on appeal. This is a *Finley* case; here, unlike the successive counsel scenario at issue in the cases relied upon by *Ligons*, the PCRA petitioner has an opportunity to raise his successive claims in the trial court. *See Turner*, 544 A.2d at 928–29 ("When, in the exercise of his professional judgment, counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se,* or by privately retained counsel, or not at all.").

As the Majority observes, appellee "could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so." Majority Op. at 9–10 n. 4, 981 A.2d at 880 n. 4. This appellee had the full twenty-day notice period within which to object to dismissal of his PCRA petition. In fact, in light of the need for at least one continuance, appellee had even longer than twenty days within which to act. The Dissenting Opinion responds that Rule 907 (providing that once PCRA court provides requisite notice of intention to dismiss PCRA petition and states reasons therefor, "[t]he defendant **may** respond to the proposed dismissal within 20 days of the date of the notice (emphasis added)) does not **require** that the petitioner respond to the PCRA court's notice, nor does any other rule or decision of this Court. But the point is that Rule 907 offers

the *Finley* petitioner an **opportunity** to object. The fact that the Rule does not require more does not mean that this Court must overlook a petitioner's failure to raise a claim of PCRA counsel ineffectiveness at the trial level; much less does it follow that we should look for ways around the PCRA. Again, the PCRA's waiver provision makes no exception for allegations of PCRA counsel ineffectiveness. *See* 42 Pa.C.S. § 9543(a)(3). Indeed, Section 9544(b) defines waiver as to include any issue that the petitioner could have raised but failed to 'in a prior state postconviction proceeding.'" 42 Pa.C.S. § 9544(b).

The dissent responds that appellee should not "be faulted for failing to follow a nonexistent procedure," but the "procedure" that appellee failed to follow is an opportunity, not a requirement. And the requirements are clear and outside of Rule 907—*i.e.*, the actual waiver provisions of Section 9543(a)(3) and Pa.R.A.P. 302(a). Moreover, the conclusion that the dissent reaches in deeming that appellee's failure to preserve his issues should be excused is a policy determination that should be better left to the General Assembly. *See Commonwealth v. Santiago*, 579 Pa. 46, 855 A.2d 682, 709 (2004) (Castille, J., joined by Eakin, J., concurring) ("When an issue is waived under the PCRA, it is not because of our appellate preservation/waiver doctrine, but because a legislative judgment has been made as to what types of claims should be available at all on collateral review. We cannot simply ignore that legislative judgment as if it were a judicial concern subject to weighing against other judicial concerns.") (internal quotation marks omitted).

Of course, if the Court determines to let Rule 907 play a greater role in allowing, or inviting, complaints against *Finley* counsel, we could always revise the Rule: to provide more time, or to provide more information (such as a reminder that claims not forwarded are waived). But what we should **not** do is to allow a PCRA appeal to serve as a repository for a serial PCRA petitioner, causing appellate courts to consider entirely new claims, and thereby to negate the statute. For all of these reasons, I join in the Majority's adoption of the position I set forth in my concurrence in *Ligons*.

20

Third, I write to address the Superior Court panel's observation below that "[i]t is inconceivable that any PCRA counsel would not inquire into the reasons for his/her client's failure to pursue a direct appeal." Super. Ct. Op. at 8. I believe this mistaken notion helped to lead the court astray. I suppose it is only natural for an appellate court to view itself as the center of the legal universe and thus to be puzzled whenever a party does not appeal. But this is a naïve and mistaken assumption, especially in a case, such as this one, that was resolved by a **guilty plea.** A guilty plea severely restricts the universe of claims that may be raised upon appeal—a fact that was conveyed to appellee very forcefully by the trial court here. As the PCRA judge, the experienced and learned D. Webster Keogh, noted in his opinion, "It is well settled that upon entry of a guilty plea, a petitioner waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." PCRA Ct. Op. at 2 (citing *Commonwealth v. Guth,* 735 A.2d 709, 711 n. 3 (Pa.Super.1999)). Quoting the record colloquy that the guilty plea court, the Honorable Carolyn E. Temin, had conducted with appellee, Judge Keogh also noted that appellee was specifically informed of this fact—so much so, indeed, that the trial judge concluded with: "[A]s a practical matter, once you plead guilty, that is the end of the case, do you understand that?" *Id.* at 4 (quoting Notes of Testimony ("N.T."), 5/9/03, at 7–10). Of course, this reality does not prevent defendants from seeking to avoid the consequences of their pleas—invariably when they find themselves disappointed with their sentences. The most common way to seek to avoid the effect of a guilty plea is to blame it on counsel. That is the sort of claim that lends itself to collateral attack, not direct review.

Given these realities, it is easy to conceive why an experienced criminal defense lawyer—such as the lawyer appointed to represent appellee in the PCRA court here—appointed to represent a defendant who is serving a sentence pursuant to a guilty plea would not in the least be surprised to learn that no direct appeal was filed. It is particularly easy to conceive that

a lawyer would not inquire into the absence of the appeal where, as here, her client's *pro se* petition never complained that he requested a (futile) appeal, only to have counsel ignore him.

In her no-merit letter, counsel focused on the claim that appellee actually raised in his *pro se* petition—that his plea counsel was ineffective in inducing him to plead guilty by promising him that he would receive a sentence of five to ten years in prison, which was far less than he actually received. This is, of course, the most common of claims in collateral attacks on guilty pleas: "I lied to the guilty plea court when I said no promises were made to me; my lawyer lied to me in promising me a light sentence; and the two lies vitiate my plea." Counsel carefully explained in her no-merit letter why the claim indeed was frivolous. Judge Keogh concurred, trenchantly noting that appellee was specifically informed by Judge Temin that he faced up to 120 years in prison, and that appellee declared, on the record, that no one promised him anything to secure his plea. *See* PCRA Ct. Op. at 4 (quoting N.T., 5/9/03, at 7–10).

For the foregoing reasons, and for the reasons expressed in the Majority Opinion, I concur in the reversal of the Superior Court's vacatur and remand.

BAER, Justice, dissenting.

I respectfully dissent. I agree with the Majority only to the extent that it holds that the Superior Court erred by ruling on the issue of whether PCRA counsel's "no-merit" letter satisfied the requirements of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988), as this precise issue was not raised by the parties at any point in the proceedings. The Majority, however, goes far beyond this narrow issue, which was the sole subject of our grant of allocatur. Without citation to any authority, the Majority summarily holds that Appellee waived the independent claim that PCRA counsel was ineffective for failing to raise trial counsel's failure to file a direct appeal, because Appellee did not raise such claim

"prior to his PCRA appeal." Op. at 9 n. 4, 981 A.2d at 880 n. 4. While not recognized as such by the Majority, this ruling raises a hotly contested issue that was discussed at great length in our recent decision in *Commonwealth v. Ligons*, 971 A.2d 1125 (Pa.2009), Nos. 486–87 CAP, 2009 Pa. LEXIS 930, where this Court was evenly divided as to whether a PCRA petitioner could challenge PCRA counsel's performance on appeal from the denial of PCRA relief. Unlike *Ligons*, where only six-members of this Court were eligible to vote, the instant case could ultimately serve as the vehicle by which we resolve this difficult issue.

Consistent with my position in *Ligons*, I would rule that the claim of PCRA counsel ineffectiveness, raised in the appeal from the denial of PCRA relief, is not waived because it was presented at the first and only viable opportunity Appellee had to challenge post-conviction counsel's performance. As explained in detail *infra*, this position is consistent with the controlling case law of this Court. The contrary view adopted by the Majority, which requires Appellee to challenge PCRA counsel's stewardship during the ongoing proceeding before the PCRA court, is so obviously unworkable that it should finally be put to rest. Having concluded that the challenge to PCRA counsel's stewardship is not waived, I would hold that Appellee has pled sufficient facts which, if believed, would entitle him to relief in the form of reinstatement of appellate rights pursuant to *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) (holding that counsel's failure to file a requested direct appeal constitutes prejudice *per se* ).[1] Accordingly, I would remand this matter for an evidentiary hearing to allow Appellee to prove his claim *via* the presentation of evidence.

I begin my analysis with a review of the facts, as they illustrate perfectly why PCRA petitioners must be afforded a meaningful opportunity to challenge PCRA counsels' effectiveness. Here, in January of 2003, Appellee pled guilty to four counts of burglary and one count of simple assault. On May

---

1. As in the instant case, the defendant in *Lantzy* had also pled guilty to various criminal offenses, and did not receive a direct appeal of his judgment of sentence.

9, 2003, Appellee pled guilty to an additional six counts of burglary. The trial court sentenced Appellee to an aggregate term of twenty-one to forty-two years of imprisonment, followed by ten years of probation. The same counsel represented Appellee at the plea proceeding and at sentencing (hereinafter, "trial counsel"). Trial counsel filed a timely petition to vacate and reconsider sentence, which the trial court denied. Significantly, no direct appeal was filed.[2]

On June 18, 2003, Appellee filed a *pro se* PCRA petition in which he contended that he pled guilty because his attorney mistakenly advised him that, if he did so, he would be sentenced to five to ten years of incarceration. Counsel was thereafter appointed ("PCRA counsel"), but she did not file an amended PCRA petition on Appellee's behalf. Rather, on July 23, 2004, PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Turner, supra,* and *Commonwealth v. Finley, supra.* Therein, PCRA counsel acknowledged that Appellee was unhappy with the duration of his sentence, but never lodged a direct appeal to challenge it. Nevertheless, PCRA counsel asserted that, upon reviewing the Quarter Session files, the notes of testimony from the plea and sentencing proceedings, and communications with Appellee, it was her professional opinion that the issue raised in the *pro se* PCRA petition was meritless because Appellee knowingly and intelligently entered the guilty pleas. She further concluded that there were no other issues which could have been raised in a counseled amended PCRA petition, and sought leave to withdraw from the case. PCRA counsel did not address in the *Turner/Finley* letter why a direct appeal had not been filed, despite Appellee's expression of dissatisfaction with his judgment of sentence.

The PCRA court found that the issue raised in the *pro se* PCRA petition concerning the validity of Appellee's guilty plea was meritless because the record revealed that he was clearly

2. Appellee filed a *pro se* petition to withdraw his guilty plea on May 15, 2003, which was never ruled upon because, at that time, Pa.R.Crim.P. 576(C) precluded the clerk of courts from accepting *pro se* filings when the criminal defendant is represented by counsel.

24

informed of the potential sentences arising from his convictions. Accordingly, the PCRA court dismissed Appellee's petition, and granted PCRA counsel's request to withdraw.

Appellee thereafter filed a *pro se* appeal to Superior Court, raising the single issue of whether PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to file a requested direct appeal. Appellee did not raise the specific issues of whether the *Turner/Finley* letter was valid and whether the PCRA court erred by granting counsel's request to withdraw from the case.[3] In a memorandum opinion filed January 26, 2006, the Superior Court held that, notwithstanding that Appellee did not raise a claim of PCRA counsel ineffectiveness before the PCRA court, the claim was not waived because "the *pro se* appeal from the denial of the PCRA order is the first opportunity to challenge the stewardship of PCRA counsel." Slip Op. at 3 (citing *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 302 (1999); *Commonwealth v. Gallman*, 838 A.2d 768, 776 (Pa.Super.2003)).

The court went on to hold that, in view of Appellee's claim that he communicated to trial counsel his desire to appeal, Appellee pled sufficient facts upon which PCRA counsel could have amended the PCRA petition to include a claim of trial counsel ineffectiveness. The court concluded that had PCRA counsel pled these facts and obtained an affidavit from Appellee attesting to the fact that he asked trial counsel to file a direct appeal, an evidentiary hearing on the claim would have been warranted pursuant to *Lantzy, supra.* Accordingly, the Superior Court vacated the order of the PCRA court, which had dismissed Appellee's PCRA petition, and remanded for an evidentiary hearing on his layered claim of ineffective assistance. I believe this was a proper disposition of this matter, as it recognized that Appellee pled a cognizable layered claim of PCRA counsel ineffectiveness, and remanded the matter for an evidentiary hearing where Appellee could prove his claim

3. I recognize that the issue of the validity of the no-merit letter and the issue challenging PCRA counsel's effectiveness are based on the same factual predicate. The two issues, however, are legally discrete in that the former issue involves an interpretation of the *Turner/Finley* requirements, and the latter issue does not.

by the presentation of testimony establishing that he: (1) requested trial counsel to file a direct appeal challenging his judgment of sentence; and (2) requested PCRA counsel to file an amended PCRA petition challenging trial counsel's omission.

Regretfully, however, this was not the Superior Court's final ruling in the case. Rather, that court granted the Commonwealth's request for reconsideration, looked behind the claim raised by Appellee regarding PCRA counsel's ineffectiveness, and *sua sponte* examined the independent issue of whether the PCRA court properly permitted PCRA counsel to withdraw. *See Commonwealth v. Pitts*, 2929 EDA 2004 (Unpublished Memorandum dated October 27, 2006, at 4, 915 A.2d 148) (stating "[a]lthough [Appellee] contends that his PCRA counsel rendered ineffective assistance, we must first determine whether the PCRA court properly permitted counsel to withdraw.").[4]

The court went on to hold that PCRA counsel failed to comply with the dictates of *Turner* and *Finley* because she failed to explain in her no-merit letter why Appellee could not pursue claims based on the legality of the sentence, the discretionary aspects of the sentence, and, most significantly, the issue of whether trial counsel was ineffective for failing to file a direct appeal challenging his sentence. The Superior Court concluded that the PCRA court erred in permitting PCRA counsel to withdraw on the basis of the no-merit letter.

4. In support thereof, the Superior Court cited its previous decision in *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), which had been decided after the court issued its first memorandum opinion in this matter. In *Friend*, the Superior Court was faced with procedural facts similar to those presented here, and noted that it was "obliged to consider whether the PCRA court properly permitted PCRA counsel to withdraw under *Turner/Finley* before it considered the issues of ineffectiveness actually raised by the appellant on appeal from the denial of PCRA relief." *Id.* at 612. The Majority herein rejects this reasoning, holding that it goes "beyond the parameters of appropriate appellate review." Op. at 9, 981 A.2d at 879. Specifically, the Majority concludes that, "[t]o the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue, we disavow such holding." *Id.*

26

Accordingly, the Superior Court again vacated the PCRA court's order dismissing Appellee's PCRA petition, and remanded for the filing of an amended PCRA petition in which counsel properly "pleads and proves": (1) the claims raised in Appellee's *pro se* petition; (2) any issues raised in a subsequent discussion/correspondence with Appellee; and (3) any other issues apparent from the certified record. Finally, the Superior Court directed counsel to obtain from Appellee an affidavit, attesting to the fact that he asked trial counsel to file a direct appeal.

It is from this ruling that the Commonwealth has appealed, arguing that the Superior Court *sua sponte* created new *Turner/Finley* requirements by ruling that PCRA counsel's no-merit letter was defective. In addressing this issue, I respectfully submit that the Majority conflates the issue of the propriety of the Superior Court's ruling in this regard with the independent issue of whether a PCRA petitioner can challenge PCRA counsel ineffectiveness on appeal from the denial of PCRA relief. As to the former issue, to the extent the Majority holds that the Superior Court erred by ruling on the issue of whether PCRA counsel's no-merit letter satisfied the *Turner/Finley* requirements, I agree with this very narrow proposition, as such issue was never raised by the parties. While I have no opposition to the general notion underlying the Superior Court's rationale, *i.e.*, that an attorney filing a *Turner/Finley* letter should inquire as to why a particular criminal defendant did not receive his constitutional right to a direct appeal, the Majority aptly notes that the Superior Court is not free to resolve an issue that is not before it on appeal.[5]

I vigorously dissent, however, from the Majority's alternative holding that Appellee waived the claim of PCRA counsel's ineffectiveness, which was layered properly and raised at the first viable opportunity in the collateral proceeding. The Majority rejects the notion that Appellee's appeal to the

at 9, 981 A.2d at 879. I agree with the Majority's limited ruling in this regard.

5. In all fairness to the Superior Court, however, it is not that far a leap to conclude that because Appellee presented a cognizable claim of PCRA counsel ineffectiveness in his *pro se* appeal, the no-merit letter submitted by PCRA counsel was deficient.

Superior Court was his first occasion to challenge PCRA counsel's performance, and states that Appellee "could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so." Op. at 9–10 n. 4, 981 A.2d at 880 n. 4. As Appellee cogently notes, however, our criminal procedural rules do not suggest that a PCRA petitioner's failure to respond to a Rule 907 dismissal notice renders claims waived for appellate review. Instead, Rule 907 provides that once the PCRA court provides the requisite notice of the intention to dismiss the PCRA petition and states the reasons for the dismissal, "[t]he defendant may respond to the proposed dismissal within 20 days of the date of the notice." Pa.R.Crim.P. 907. Thus, according to the plain text of Rule 907, a petitioner's filing of a response to a dismissal notice is optional. As there is absolutely no language in the criminal rules or in the case law of this Court indicating that a petitioner must file a response to the PCRA court's notice of dismissal or risk waiver of his claims, Appellee cannot be faulted for failing to follow a nonexistent procedure.

Furthermore, requiring petitioners to challenge PCRA counsel's effectiveness at any point during the PCRA proceeding is simply unworkable. To overcome the presumption that counsel is effective, a PCRA petitioner must satisfy a three-pronged test and demonstrate that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. *Commonwealth v. (Michael) Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001). A PCRA petitioner could never demonstrate that he was prejudiced by PCRA counsel's performance, *i.e.*, demonstrate that the outcome of the PCRA proceeding would have been different, when the PCRA proceeding has not yet concluded and no ruling by the PCRA court has been issued.

The actual procedure followed by Appellee, raising a layered claim of PCRA counsel ineffectiveness on appeal from the denial of PCRA relief, is the accepted method of obtaining review for such claims. As this author recently explained in the plurality opinion in *Ligons*, this Court has repeatedly held that a defendant may challenge the stewardship of PCRA counsel on appeal from the denial of PCRA relief because it is his only opportunity to do so. *Commonwealth v. Hall*, 582 Pa. 526, 872 A.2d 1177, 1182 (2005); *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293 (1999); *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693 (1998).

In *Albrecht*, we held that Rule 904 (formerly Rule 1504) makes the appointment of counsel in PCRA proceedings mandatory. *See* Pa.R.Crim.P. 904(C) (providing that "the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). We stated in *Albrecht*:

It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel. Indeed the right to counsel is meaningless if effective assistance is not guaranteed.

*Id.*, 720 A.2d at 699–700 (citing *Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736, 738 (1989)). Thus, our express holding in *Albrecht* was that a PCRA petitioner has an enforceable right to effective post-conviction counsel. 720 A.2d at 700. *Accord Pursell*, 724 A.2d at 302 (holding that our Court may review claims of ineffective assistance of PCRA counsel in a capital appeal from the denial of PCRA relief because it is the first opportunity to challenge the stewardship of PCRA counsel). The Majority ignores this controlling precedent of this Court by summarily concluding to the contrary.

The Majority additionally suggests, without any analysis or citation to authority, that Appellee's attempt to obtain review on a claim of PCRA counsel ineffectiveness "amounts to a serial PCRA petition." Op. at 9 n. 4, 981 A.2d at 880 n. 4. *Id.* A similar position was taken in Chief Justice Castille's concurring opinion in *Ligons*, where the Chief Justice viewed a claim of PCRA counsel ineffectiveness as a "new" claim, over which

we lack jurisdiction under 42 Pa.C.S. § 9543(b)(1) (providing that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner proves one of the exceptions to the time-bar, which are not at issue here).

To the contrary I opined that "the practical application of [viewing a claim of PCRA counsel ineffectiveness as a 'new' claim] renders a PCRA petitioner's right to effective representation unenforceable and, therefore, meaningless." *Ligons*, 971 A.2d at 1139. I explained that

> ... a petitioner cannot challenge PCRA counsel's effectiveness before the PCRA court because the alleged ineffectiveness is playing out as that proceeding occurs, and ineffectiveness cannot be identified until the proceeding has concluded. Similarly, absent invocation of one of the three statutory exceptions to the timeliness requirement set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii), it would be virtually impossible for a petitioner to ever file a serial petition raising PCRA counsel's ineffectiveness in a timely manner as his first PCRA petition would not be disposed of before the one-year statutory filing period expires. *See Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 588 (2000) (holding that when PCRA appeal is pending, subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by highest state court in which review is sought, or at the expiration of time for seeking such review).

*Id.* at 1139–40.

This author emphasized that the only way to afford a PCRA petitioner an opportunity to enforce his right to effective PCRA counsel is to permit the filing of such claims on appeal from the denial of PCRA relief. *Id.* at 1140. While the *Ligons* plurality recognized that addressing such claims of PCRA counsel ineffectiveness places the appellate court in the position of reviewing claims that were not reviewed by the PCRA court, we found that there is no viable alternative to ensure that the right to effective PCRA counsel can be enforced and a remedy granted in the appropriate case, where

the petitioner has satisfied the rigorous burden of establishing a multiple-layered claim of ineffectiveness set forth in *Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014 (2003).[6]

Somewhat remarkably, Appellee has satisfied that rigorous burden here to the extent necessary to afford him an evidentiary hearing pursuant to Pa.R.Crim.P. 908(A)(2) (stating that the PCRA court shall order a hearing where petitioner raises a material issue of fact). Appellee asserted in his *pro se* appeal to Superior Court that he requested trial counsel to file a direct appeal; that no such appeal was filed; that he requested PCRA counsel to amend his PCRA petition to include a claim that trial counsel was ineffective for failing to file a requested appeal; and that PCRA counsel failed to so amend Appellee's petition, and instead filed a *Turner/Finley* letter in which she maintained that there were no issues which could be raised in a counseled amended PCRA petition. Thus, pursuant to *Commonwealth v. Lantzy,* Appellee's assertions, if believed, would clearly entitle him to reinstatement of his direct appeal rights *nunc pro tunc.* Under these circumstances, I would remand this matter for an evidentiary hearing to afford Appellee the opportunity to prove his layered claim of ineffective assistance of counsel.

In conclusion, this case presents the quintessential example of why claims of PCRA counsel ineffectiveness must be recognized on appeal from the denial of PCRA relief. Assuming his assertions are true, Appellee was denied his constitutional right to a direct appeal, and was denied his right to effective assistance of counsel in his first PCRA petition. To further deny him an evidentiary hearing to prove his layered claim of ineffective assistance of counsel, when he is clearly entitled to the same pursuant to *Lantzy,* Pa.R.Crim.P. 908(A)(2), *Hall, Pursell,* and *Albrecht,* is to deny justice in this case.

Justice SAYLOR and Justice TODD join this opinion.

---

6. In *Commonwealth v. McGill,* this Court addressed the proper layering of a claim of ineffective assistance of counsel, and held that a PCRA petitioner must present argument as to each layer of ineffectiveness, establishing all three prongs of the ineffectiveness standard for each attorney. *Id.* at 1022.