J-S46043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK CURRAN, | : | |
| | : | |
| Appellant | : | No. 357 MDA 2014 |

Appeal from the Order entered on February 10, 2014
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No(s): CP-35-CR-0001004-2010;
CP-35-CR-0001005-2010

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 11, 2014**

Frank Curran ("Curran") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We reverse and remand for further proceedings.

Curran was arrested and charged with crimes related to his assault of three minor females, two of whom were fourteen at the time of the assault, and a third who was between the ages of ten and fifteen when the indecent contact occurred. Curran entered a guilty plea to one count of aggravated indecent assault, and a plea of *nolo contendere* to two counts of attempted indecent assault. The trial court sentenced Curran to an aggregate prison term of eight years and nine months to nineteen years. On appeal, this Court affirmed Curran's judgment of sentence. ***Commonwealth v. Curran***,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

55 A.3d 127 (Pa. Super. 2012). Curran did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On June 17, 2013, Curran filed the instant Petition for relief under the PCRA. Counsel was appointed and, on December 6, 2012, Curran's counsel filed a Petition to Withdraw from representation and a No-Merit Letter, purportedly in compliance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 15, 2014, the PCRA court dismissed Curran's PCRA Petition without an evidentiary hearing. One day later, the PCRA court entered an Order granting counsel's Petition to Withdraw. On February 14, 2014, Curran, *pro se*, filed the instant timely appeal. Upon the appointment of counsel, Curran filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

Curran presents the following claims for our review:

A. Whether [Curran's] statutory and/or due process rights were violated since no evidentiary hearing was held related to [Curran's] Petition for Post Conviction Relief when [Curran] maintains he did not receive notice of court[-]appointed counsel's [Petition] to Withdraw and "no-merit" letter prior to dismissal by the PCRA court?

B. Whether the PCRA Court's dismissal of [Curran's] PCRA [Petition] was free from legal error since all issues raised in [Curran's] *pro se* Petition were not addressed in PCRA counsel's "no-merit" letter or in the PCRA court's January 14, 2014 Order?

Appellant's Brief at 4.

Curran first claims that the PCRA court improperly dismissed his PCRA Petition without a hearing, where he did not receive a copy of counsel's Petition to Withdraw or No-Merit Letter. *Id.* at 10. As such, Curran argues, his counsel failed to meet the procedural requirements for withdrawal from representation. *Id.* According to Curran, the PCRA court explained in its Order dismissing his PCRA Petition that Pa.R.Crim.P. 907 notice was not necessary since Curran's counsel had filed a No-Merit Letter. *Id.* at 10-11 n.3. Curran claims that the PCRA court erred in not providing Pa.R.Crim.P. 907 notice because he did not receive a copy of the No-Merit Letter. *Id.* at 10-11.

An appellate court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Kretchmar***, 971 A.2d 1249, 1251 (Pa. Super. 2009). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Treadwell***, 911 A.2d 987, 989 (Pa. Super. 2006).

In addressing Curran's claim, we are cognizant that the ***Turner*/*Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2013)

> The holdings of those cases mandate an independent review of
> the record by competent counsel before a PCRA court or

appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See* [*Commonwealth v.*] *Pitts*, [981 A.2d 875,] 876 n.1 [(Pa. Super. 2008)].

In *Commonwealth v. Friend*, 2006 PA Super 70, 896 A.2d 607 (Pa. Super. 2006) *abrogated in part by Pitts*, *supra*, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend*, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts*. *See Pitts*, *supra* at 881 (Castille, C.J., concurring).

*Id.* (footnote omitted).

Here, Curran claims that counsel failed to serve him with a copy of the No-Merit Letter and Petition to Withdraw. Appellant's Brief at 10-11. Our review discloses that counsel sent Curran a letter notifying Curran of counsel's intention to file Petition to Withdraw and No-Merit Letter. There is no indication that a copy of the Petition and No-Merit Letter were included with the letter. Counsel's Petition to Withdraw does not state that counsel provided Curran with a copy of the Petition and No-Merit letter. *See* Petition to Withdraw, 12/6/13. There is no record evidence that counsel complied with the requirements of *Turner*/*Finley* and *Friend*, as explained in

- 4 -

***Rykard***. Accordingly, we conclude that the PCRA court erred in granting Curran's PCRA counsel leave to withdraw.

The record further confirms that, as asserted in Curran's second claim, counsel's No-Merit Letter failed to address an issue raised by Curran in his PCRA Petition. ***See*** Appellant's Brief at 13. "***Turner*** and ***Finley*** require counsel seeking leave to withdraw to list each of an appellant's claims, and explain why each of those claims lack merit." ***Commonwealth v. Liebensperger***, 904 A.2d 40, 45 n.3 (Pa. Super. 2006). Because counsel failed to comply with this requirement, the PCRA court improperly granted counsel's Petition to Withdraw on this basis as well.

Finally, as observed by Curran in his appellate brief, the PCRA court failed to issue Pa.R.Crim.P. 907 notice[2] of its intention to dismiss the PCRA Petition without an evidentiary hearing. Appellant's Brief at 10. According to Curran, the PCRA court's Order explained that it was not required to

---

[2] Rule 907 provides, in relevant part, that

> [i]f the [PCRA] judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(a).

provide notice, as counsel had provided notice to Curran. *Id.* However, the PCRA court's Order dismissing the PCRA Petition is not included in the certified record. Notwithstanding, because we conclude that the PCRA court improperly granted counsel's Petition to Withdraw, the PCRA court erred in not providing Pa.R.Crim.P. 907 notice of its intention to dismiss the PCRA Petition without a hearing.

In summary, the PCRA court erred in granting the Petition to Withdraw filed by Curran's counsel, and in dismissing Curran's PCRA Petition without the notice required by Pa.R.Crim.P. 907. We therefore reverse the Order of the PCRA court and remand for further proceedings. On remand, should Curran's present counsel seek to withdraw, counsel is directed to comply with the requirements of *Turner*/*Finley* and *Friend*, as explained in *Liebensperger*. Further, the PCRA court is directed to comply with Pa.R.Crim.P. 907, should it decide to dismiss Curran's PCRA Petition without an evidentiary hearing.

Order reversed; case remanded for further proceedings consistent with this Memorandum; Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014

- 6 -