J-S57036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GASPER SIMON | |
| Appellant | No. 556 EDA 2014 |

Appeal from the PCRA Order entered January 9, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0000602-2007

BEFORE: DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 13, 2014**

Appellant Gasper Simon[1] appeals from the January 9, 2014, order[2] of the Court of Common Pleas of Montgomery County (PCRA court), which dismissed as untimely his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. For the reasons set forth below, we affirm.[3]

---

[1] Although Appellant initiated this appeal *pro se*, he is now represented by counsel. On March 11, 2014, a private attorney entered her appearance on Appellant's behalf.

[2] Appellant erroneously believes the order was filed on January 6, 2014, which merely is the date of the order. As the docket indicates, the PCRA court filed its order dismissing Appellant's petition on January 9, 2014. Accordingly, we have corrected the caption to reflect the right filing date of the order.

[3] On its face, Appellant's February 11, 2014, *pro se* notice of appeal is untimely, because he filed it more than thirty days after the entry of the PCRA court's January 9, 2014 order. Relying on the prisoner mailbox rule,
*(Footnote Continued Next Page)*

The facts and procedural history underlying this appeal are undisputed. As the PCRA court summarized:

> On December 26, 2006, [Appellant] shot and killed Juan Lopez. [Appellant], 16 years of age (DOB: August 25, 1990) at the time, was charged as an adult.
>
>     . . . .
>
> On August 20, 2007, [Appellant] entered a plea of guilty to third-degree murder and firearms carried without a license. Following a presentence report and psychological evaluation, on November 14, 2007, [Appellant] was sentenced to incarceration for 15-30 years on the 3rd degree murder conviction, with a five (5) year consecutive probation on the firearms conviction. No direct appeal was filed.

PCRA Opinion, 4/2/14, at 2-3. On July 3, 2012, Appellant filed a PCRA petition, alleging, *inter alia*, claims for ineffective assistance of trial counsel and raising violation of a constitutional right under **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[4] Finding it lacked jurisdiction because Appellant's petition was untimely and none of the PCRA's timeliness exceptions applied, the PCRA court dismissed the petition.

_(Footnote Continued)_ ───────────────

however, we decline to quash the appeal. "[A] *pro se* prisoner's appeal shall be deemed filed on the date that the [prisoner] places the document in the hands of prison officials or in the prison mailbox." **Smith v. Pennsylvania Bd. Of Probation and Parole**, 686 A.2d 278, 279 (Pa. 1996). Instantly, the record indicates that Appellant's *pro se* notice of appeal was dated February 1, 2014, and postmarked February 3, 2014. Accordingly, this appeal is timely.

[4] The Court in **Miller** held that "*[m]andatory life* without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S. Ct. at 2460 (emphasis added).

On appeal, [5] Appellant raises two issues for our review:

[1.] Did the [PCRA court] err in dismissing Appellant's first [PCRA] [p]etition, filed on July 3, 2012, as untimely when said filing specifically relied upon newly issued case law from the United States Supreme Court regarding juvenile offenders?

[2.] Did the [PCRA court] err in dismissing Appellant's first [PCRA] [petition] without determining the merits of the case, following the United States Supreme Court's ruling in [*Miller*] regarding juvenile offenders and where said petition alleged ineffective assistance of trial counsel for failing to maintain Appellant's direct appeal rights by failing to file any post[-]sentence appeals despite a specific written request by Appellant that an appeal be filed?

Appellant's Brief at 5.

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

---

[5] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citations omitted).

> States or the Supreme Court of Pennsylvania after the time period provided in this section *and has been held by that court to apply retroactively*.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014).

Here, the record reflects the judgment of sentence became final on December 14, 2007, *i.e.*, at the expiration of the time for filing a direct appeal in this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from December 14, 2007 to file his PCRA petition, the current filing is untimely on its face given it was filed on July 3, 2012.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant argues that ***Miller*** recognized a new constitutional right that must be applied to him retroactively under Section 9545(b)(1)(iii). As the PCRA court noted, the issue of ***Miller's*** retroactive application has been settled by our Supreme Court's recent decision in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013). The Supreme Court held that ***Miller*** did not apply retroactively to cases on collateral

appeal. ***Cunningham***, 81 A.3d at 9-10 (noting that "nothing in [a]ppellant's arguments persuades us that ***Miller's*** proscription of imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of ***Miller's*** announcement").

Instantly, because it is undisputed that Appellant's sentence became final before the ***Miller*** decision was issued and our Supreme Court in ***Cunningham*** has ruled that ***Miller*** does not apply retroactively to cases on collateral review, we conclude that Appellant does not satisfy the timeliness exception under Section 9545(b)(1)(iii).[6] Thus, given the fact that Appellant filed his PCRA petition approximately three and one-half years after the deadline to file the petition had expired and he does not satisfy any of the timeliness exceptions under Section 9545 of the PCRA, the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

---

[6] Appellant's attempt to fit his case within ***Miller's*** narrow holding is bold. A cursory understanding of the Court's holding in ***Miller*** would suggest that it applies only to juveniles subject to mandatory sentences of life imprisonment. Appellant was sentenced to fifteen to thirty years' imprisonment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2014