J. S71013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                                     :             PENNSYLVANIA
                       v.                      :
                                                   :
JAMAR LASHAWN TRAVILLION,      :         No. 73 WDA 2015
                                                   :
                Appellant        :

Appeal from the PCRA Order, January 8, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0003767-2003,
CP-02-CR-0007963-2003, CP-02-CR-0008353-2003

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 10, 2016**

Jamar Lashawn Travillion appeals from the order entered in the Court of Common Pleas of Allegheny County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

The PCRA court set forth the procedural history of this case as follows:

> On February 26, 2006, [appellant] was found guilty of the charges of second degree murder, robbery, criminal attempt to commit criminal homicide, aggravated assault, two counts of violation of the Uniform Firearms Act, and one count of possession of a small amount of a controlled substance.  A presentence report was ordered in aid of sentencing and [appellant] was sentenced on May 15, 2006, to the mandatory life without parole for the conviction of second degree murder and a consecutive sentence of one hundred eight to two hundred sixteen months for his conviction of the

charge of robbery and a consecutive sentence of twelve to twenty-four months for his conviction of possessing a firearm without a license. [Appellant] did not file either post-sentencing motions or a direct appeal to the Superior Court.

On April 2, 2007, his appellate counsel filed a petition for post-conviction relief requesting that his appellate rights be reinstated. On June 4, 2007, this Court entered an order granting the reinstatement of his appellate rights and [appellant's] appellate counsel filed post-sentencing motions on June 15, 2007. On August 29, 2007, a hearing was held on those motions and an Order was entered on January 31, 2008 denying those motions. [Appellant] filed an appeal from the denial of his post-sentencing motions and was directed to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In that concise statement, [appellant] suggested that there were four claims of error. Initially, [appellant] maintained that he was denied his right to counsel under the United States and Pennsylvania Constitutions. [Appellant] also maintained he was denied his right to testify at the time of his trial. [Appellant] also suggested that this Court erred when it denied his motion to suppress the evidence seized by the Ross Township Police, the identification made of him by one of the victims and his inculpatory statements made to the investigating homicide detectives. Finally, [appellant] contended that this Court intimidated one of his witnesses thereby causing that witness to refuse to testify.

This Court filed its 1925(b) Opinion and addressed all of the claims of error raised by [appellant's] appellate counsel, Thomas Farrell. Although Farrell alleged four claims of error in his statement of matters complained of on appeal, his appellate brief only addressed one issue, that being [appellant's] claim that he was denied his right to counsel. Following the decision by the Pennsylvania Supreme Court in **Commonwealth v. Luccarelli, 601 Pa. 185, 971 A.2d 1173 (2009)**, this Court

filed an addendum Opinion in which it maintained that [appellant] had forfeited his right to counsel as a result of his extremely dilatory conduct and obstructive behavior. On October 13, 2010, the Superior Court vacated [appellant's] sentences and remanded his cases [sic] for the purpose of a new trial. The Commonwealth filed an application for allowance of appeal to the Pennsylvania Supreme Court and Farrell responded to that application with a no answer letter. On April 29, 2011, the Pennsylvania Supreme Court issued an Order reversing the Superior Court's disposition of [appellant's] appeal and reinstated the judgment of sentence imposed on the basis of its decision in **Commonwealth v. Luccarelli, supra.** Farrell filed an application for reargument with the Pennsylvania Supreme Court, which was denied on July 6, 2011.

On June 14, 2012, [appellant] filed a pro se petition for post-conviction relief and this Court appointed his current counsel, Robert S. Carey, to represent him in connection with that petition and to file an amended petition for post-conviction relief, which was done. A hearing was held on November 14, 2014, at which time [appellant] presented the testimony of his former counsel, Farrell. On January 8, 2015, this Court entered an Order denying [appellant's] petition for post-conviction relief from which he has taken the instant timely appeal. [Appellant] was required to file a concise statement of matters complained of on appeal and in complying with that directive, he has asserted two claims of error, the first being that his former appellate counsel was ineffective for failing to file a response to the Commonwealth's application for allowance of appeal to the Pennsylvania Supreme Court and, second, that his former appellate counsel was also ineffective for failing to address all of the issues that he originally raised in his statement of matters complained of on appeal.

PCRA court opinion, 3/10/15 at 2-4.

Appellant raises the following issues on appeal:

> 1. Whether the [PCRA] court erred in finding that appellate counsel was effective when the record establishes that Attorney Farrell had no reasonable strategic basis for failing to file a response to the Commonwealth's Petition for Allowance of Appeal and, based on counsel's omission, the Supreme Court reinstated [appellant's] judgment of sentence?
>
> 2. Whether the [PCRA] court erred in finding appellate counsel effective where the record shows that Attorney Farrell waived winning claims when he failed to brief meritorious issues that were previously identified in the Rule 1925 statement?

Appellant's brief at 3.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Sam***, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (***en banc***). In contrast, we review the PCRA court's legal conclusions ***de novo***. ***Id.***

Appellant's issues assert ineffective assistance of appellate counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. ***Commonwealth v. Rollins***, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this

presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. *See Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. *Id.* In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. *See Rollins*, 738 A.2d at 441; *Commonwealth v. (Charles) Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" *See Rollins*, 738 A.2d at 441 (quoting *Travaglia*, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. *Commonwealth v. (Michael) Pierce*, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met."). In the context of a PCRA proceeding, Appellant must establish that the ineffective assistance of counsel was of the type "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt [or] innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). *See also (Michael) Pierce*, 786 A.2d at 221-22; *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

*Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007).

Appellant first complains that the PCRA court erred in finding attorney Farrell effective "when the record establishes that Attorney Farrell had no reasonable strategic basis for failing to file a response to the Commonwealth's Petition for Allowance of Appeal and, based on counsel's omission, the Supreme Court reinstated [appellant's] judgment of sentence." (Appellant's brief at 12.) To support that contention, appellant sets forth the following colloquy that took place between the Commonwealth and attorney Farrell at the PCRA hearing:

> Q    You filed a no answer letter in response to the petition for allowance of appeal, right?
>
> A    I did.
>
> Q    Now working in the DA's Office in an appellate capacity, you would agree with me that's the standard practice in replying to petitions for allowance of appeal, correct?
>
> A    To answer your question, that's correct and that's a wrong practice for a defense attorney to take in this day and age. That was wrong for me, I should have never done that and I haven't made that mistake since. Prior to that decision, the Supreme Court -- it was strongly believed that if you filed a letter and not respond with a brief, that they would -- you wouldn't red flag it, okay. So that's the purpose of not responding with a brief because you would red flag it. In this case, like I had done in the past as a defense attorney, I did not file a brief in response because I didn't want to red flag it. However, I found out from this case that other cases that the Supreme Court had changed the position. That when the Commonwealth takes an appeal that they look at their appeal real strongly and they will

> reverse without briefs or argument. So in this case I made a blunder, I made a mistake but I never will have that happen again in any other case and I have not done that since.

Notes of testimony, 11/14/14 at 17-18. Even though counsel admitted to making a mistake, we need not determine whether his failure to file a reply to the Commonwealth's application for allowance of appeal was reasonable because appellant has failed to demonstrate prejudice.

As aptly noted by the PCRA court and as reflected in the record, our supreme court reinstated appellant's judgment of sentence after finding that this court made an error of law when reversing the trial court's judgment of sentence and remanding for a new trial. (PCRA court opinion, 3/10/15 at 9; Docket #47.) After our supreme court entered that order, the record reflects that attorney Farrell filed an application for reconsideration in which he advanced his arguments. (Notes of testimony, 11/14/14 at 20.) Our supreme court denied appellant's application.[1] (*Id.*)

Therefore, regardless of whether attorney Farrell advanced his arguments in a reply to the Commonwealth's application for allowance of appeal or in an application for reconsideration, our supreme court rejected those arguments. As a result, appellant has not, and cannot, demonstrate prejudice, and this claim lacks merit.

---

[1] We note that the certified record contains the order denying the application for reconsideration, but there is no sequence number associated with the entry.

Appellant next complains that appellate counsel was ineffective because he failed to raise certain claims on appeal that he raised in his Rule 1925(b) statement.

Here, attorney Farrell raised four issues in his Rule 1925(b) statement, but pursued only one issue on appeal.[2]  At the PCRA hearing, attorney Farrell testified that he has several decades of appellate experience, and then he explained his strategy for selecting appellate issues, as follows:

> A    What I do is I look at the brief – I'm sorry, I look at the transcript.  I go through the transcript and I take copious notes, I have a

---

[2] Appellant raised the following issues in his statement of errors complained of on appeal:

1.    Whether [appellant] was denied his 5th Amendment right to counsel during the trial under both the Pennsylvania and United States Constitution[s]?

2.    Whether [appellant] was denied his absolute right to testify during trial pursuant to the Pennsylvania and/or United States Constitutions?

3.    Whether the trial court erred in failing to grant the motion to suppress evidence?

4.    Whether the trial court erred, and/or violated the [appellant's] due process, when it intimidated [appellant's] witness when the court informed the witness that he would be arrested for stating during testimony that he was a jitney driver?

Statement of errors complained of on appeal, 4/3/08; Docket #41.  Appellant raised one issue on appeal:  whether the trial court improperly deprived him of his right of counsel.  (Docket #72, Appendix A (***Commonwealth v. Travillion***, No. 443 WDA 2008, unpublished memorandum (Pa.Super. filed October 13, 2010)).)  In his brief, appellant mistakenly asserts that he raised two issues on direct appeal.  (Appellant's brief at 18.)

pad. I don't read it like a novel but I go through the transcript and I take copious notes and read everything. I read the record, I write and have notes to make sure that I understand the record fully. . . .

I have raised almost every issue that has been objected to at trial. The reason why I do that is, if I look at an issue and I think it's really, really bad, sometimes I will not raise it but most of the time I will raise all of those issues in a concise statement to preserve. At that time, in that short period of time, I don't have time to write a brief. I don't have time to look at all the law and so forth. I'm trying to raise the issues, raise as many issues as I can -- that's really wrong. I raise all the issues that have been preserved. Now on some of them I look at it and say it's stupid, I'm not going to raise it in a concise statement. Things like sometimes the weight of the evidence and that kind of thing, I don't raise it. But for the most part, I raise all of the issues that have been preserved and that's what I do in a concise statement.

Q    Mr. Farrell, so you're casting a [wider] net in the 1925 B statement than you would later in the brief?

A    Absolutely. Many times I'll raise seven, eight, or maybe ten issues sometimes and I would never raise that in a brief. I would never do that in a brief. You raise two, three, four[] issues tops. I think the most I ever raised was five issues in a brief. But in a concise statement, you raise those issues, you ferret [sic] it out and you see what the trial court writes. And there's actually two cases that I had with Judge Cashman. One of them which is pending on appeal which is in front of the Supreme Court of Pennsylvania right now and the other has been reversed. In both cases I thought that the issues were frivolous.

I raised those and Judge Cashman wrote an opinion and after looking at his opinion, I realized maybe these claims did have merit and we did win both of them in Superior Court.

Q     Your answer is, you said something along the lines "I would never raise ten issues in front of the Superior Court in my brief;" why is that?

A     Well, Judge Aldisert's quote[3] where if you raise ten, most appellate courts think that they all have no issues. You can only win a new trial on one issue, you don't need two issues to win a trial so I try to be selective in most cases.

---

[3]    The approach to appellate advocacy embarked on by present counsel for Appellant brings to mind the words of the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:

With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to **any** of them . . . [and] it is [this] presumption . . . that reduces the effectiveness of appellate advocacy.

Aldisert, "The Appellate Bar: Professional Competence and Professional Responsibility -- A View From the Jaundiced Eye of the Appellate Judge," 11 Cap. U. L. Rev. 445, 458 (1982).

*Commonwealth v. Robinson*, 864 A.2d 460, 479-480 n.28 (Pa. 2004).

> Q    So Mr. Farrell, you would agree with me then that you're picking the best issue you think you have when you write your brief to the Superior Court?
>
> A    I try to raise the best issue that I can. . . .

Notes of testimony, 11/14/14 at 12-15.

Here, attorney Farrell had a reasonable basis for pursuing one issue on appeal:  he focused on the one issue that he determined was the most likely to prevail.  His strategy comports with effective appellate advocacy, and his actions, therefore, were reasonable.  Although our inquiry stops there, we note that appellant claims that he suffered prejudice because attorney Farrell's "omission denied the opportunity for complete appellate review." (Appellant's brief at 19.)  Appellant, however, entirely fails to demonstrate how counsel's strategy so undermined the truth determining-process so that no reliable adjudication of his guilt or innocence could have taken place.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2016

- 11 -