J-S02040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E. G. | |
| Appellant | No. 335 EDA 2015 |

Appeal from the PCRA Order dated January 14, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0004517-2008

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 11, 2016**

Appellant E. G.[1] *pro se* appeals from the January 14, 2015 order of the Court of Common Pleas of Lehigh County ("PCRA court"), which denied Appellant's request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  For the reasons set forth below, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on January 13, 2009, Appellant entered into a negotiated guilty plea to rape of a child under 18 Pa.C.S.A. § 3121(c) for sexual abuse committed against his then 10-year-old biological daughter.  The trial court sentenced Appellant to 10 to 40 years' imprisonment on July 16, 2009.  This Court affirmed

---

[1] We have abbreviated Appellant's name to protect the identity and privacy of the victim, who was a minor when she was sexually abused.

Appellant's judgment of sentence on June 18, 2010. **See *Commonwealth v. E.G.***, 4 A.3d 692 (Pa. Super. 2010) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court. Consequently, his judgment became final on July 18, 2010.

On September 7, 2010, Appellant *pro se* filed his first PCRA petition titled "Motion for Writ of Habeas Corpus," which his appointed counsel amended on October 29, 2010. Appellant withdrew his PCRA petition on November 22, 2010. Thereafter, on February 4, 2011, Appellant *pro se* filed a second PCRA petition, which the PCRA court denied on April 6, 2011. Appellant filed his third *pro se* PCRA petition on June 9, 2011, which he supplemented on June 15, 2011. The PCRA court denied Appellant's third PCRA petition on July 26, 2011. Appellant subsequently filed his fourth *pro se* PCRA petition on July 12, 2012, which the PCRA court denied on August 20, 2012. On December 10, 2014, Appellant filed the instant, his fifth, *pro se* PCRA petition. The PCRA court denied Appellant relief on January 13, 2015. Representing himself, Appellant timely appealed to this Court.

On appeal,[2] Appellant appears to raise two issues for our review. First, he argues that the Commonwealth withheld a May 24, 2008 Lehigh

_____

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

Valley Hospital report, which the Commonwealth had received prior to his guilty plea. Second, Appellant argues that his PCRA counsel was ineffective for ignoring threats the Commonwealth made to Appellant in the PCRA counsel's presence on November 22, 2010 and which caused Appellant to withdraw his first PCRA petition.

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

Here, as stated earlier, the record reflects Appellant's judgment of sentence became final on July 18, 2010. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from July 18, 2010 to file his PCRA petition, the current filing is untimely on its face given it was filed on December 10, 2014.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant argues for relief based on only governmental interference under Section 9545(b)(1)(i). Our review of the record indicates that Appellant failed to plead any facts to show that he raised the governmental interference exception within 60 days, as required by Section 9545(b)(2). Indeed, as the Commonwealth points out, Appellant does not allege when he received the hospital report to establish whether he filed his fifth (instant) PCRA petition within 60 days of receiving the report. With respect to the alleged threats made by the Commonwealth, Appellant fails to show why he did not raise this issue within 60 days of November 22, 2010, *i.e.*, by January 21, 2011, considering Appellant allegedly was threatened. We note Appellant had until July 18, 2011 to file a timely PCRA petition.

In sum, given the fact that Appellant filed the instant PCRA petition approximately three and one-half years after the deadline to file the petition

had expired and he does not satisfy any of the timeliness exceptions under Section 9545(b), the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016