J-S19012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRAHEEM BURKE, | |
| Appellant | No. 1857 EDA 2015 |

Appeal from the PCRA Order Entered May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001048-2007

BEFORE:  BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED MARCH 23, 2016

Appellant, Braheem Burke, appeals *pro se* from the post conviction court's May 29, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant avers that his direct appeal counsel was ineffective for raising only one claim, which this Court found waived.  We affirm.

The facts of Appellant's underlying convictions can be briefly summarized as follows.  At around 12:35 p.m. on June 7, 2006, several Philadelphia Police Officers responded to gunshots and found one victim, Charles Carter, shot in the forehead, and a second victim, Niall Saracini, shot multiple times in the neck, back, and arm.  Both victims died from their injuries.  The ensuing homicide investigation revealed that Appellant and Yusef Washington had fired shots that killed Carter and Saracini during an

altercation between two groups of men – one group was comprised of Carter, Saracini, Keith McClain, and Eric Carter; the other group was comprised of Appellant, Washington, and Rahman Jenkins.

> On September 24, 2008, Appellant was convicted of two counts of Third[-]Degree Murder and one count of Possession of an Instrument of Crime (PIC) at a jury trial before the Court. On December 19, 2008, Appellant was sentenced to an aggregate sentence of 30-60 years['] imprisonment. No post[-]sentence motions were filed. The Superior Court affirmed the judgment of sentence on December 20, 2010 and allocatur was denied on July 26, 2011. [**Commonwealth v. Burke**, 23 A.3d 587 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 25 A.3d 327 (Pa. 2011).]
>
> Appellant filed a timely[,] *pro se* PCRA petition on September 4, 2012. PCRA counsel was appointed on July 12, 2013. On March 15, 2014, counsel filed an amended petition alleging that direct appeal counsel waived Appellant's appellate rights because the one issue raised was deemed waived. Subsequently, on October 27, 2014, the Commonwealth filed a motion to dismiss. The Court filed a dismissal notice on March 30, 2015 and Appellant filed a *pro se* response to [the] dismissal notice on April 15, 2015. Ultimately, after a careful review of the filings and applicable case law, the Court dismissed the petition on May 29, 2015.

PCRA Court Opinion (PCO), 8/17/15, at 1-2 (footnotes omitted).

Appellant's counsel petitioned to withdraw, which the court granted on the same day it denied Appellant's petition, May 29, 2015.[1] Appellant then

---

[1] Counsel's motion to withdraw was not docketed nor included in the certified record. Appellant does not raise any issue concerning his PCRA counsel's motion to withdraw, or the court's granting thereof, and we are not permitted to raise such issues *sua sponte*. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 (Pa. 2009).

filed a timely, *pro se* notice of appeal, and also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement.[2]   Therein, Appellant raised two issues:

> a) [Appellate counsel] … rendered ineffective assistance of counsel on direct appeal to the Superior Court when [counsel] raised only one issue even though other issues had been listed in the Statement of Matters Complained Of Pursuant to Rule 1925(b).
>
> b) [Appellate counsel] … rendered ineffective assistance of counsel as [the] only issue raised on appeal was deemed waived by the Superior Court.  In that the Superior Court considered that one issue to be waived, [Appellant], in essence, had no appeal.

Rule 1925(b) Statement, 7/22/15, at 1 (unnumbered).

Now, in Appellant's *pro se* brief, he presents only one issue, stating: "The PCRA court committed error when it dismissed [Appellant's] PCRA petition without an evidentiary hearing, due to ineffective assistance of counsel on direct appeal."  Appellant's Brief at 3 (unnecessary capitalization omitted).  As will be discussed, *infra*, the argument portion of Appellant's brief relates only to the second issue presented in his Rule 1925(b) statement.  He fails to develop any meaningful discussion pertaining to the first issue raised therein.  Accordingly, that claim is waived for our review.

---

[2] For some reason, Appellant's PCRA counsel filed a Rule 1925(b) statement on Appellant's behalf, despite having been granted leave to withdraw from representing Appellant several months earlier.  Counsel did not enter his appearance before this Court and, again, Appellant does not challenge the court's order allowing counsel to withdraw, or raise any issue with his proceeding *pro se* on appeal.

*See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted) ("The [appellant's] brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Before addressing Appellant's preserved claim, we note that, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v.*] *Colavita,* 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing *Strickland*[ *v. Washington*, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce,* [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his

underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, 608 Pa. at 86–87, 10 A.3d at 291 (quoting **Commonwealth v. Collins**, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant contends that his direct appeal counsel was ineffective for raising a claim which this Court deemed waived. By way of background, the issue raised by appellate counsel challenged an evidentiary ruling by the trial court, made in the following context:

On cross-examination [of Keith McClain at trial], [A]ppellant sought to ask [] McClain about a tattoo with the letters "RNR."[2] Appellant argued that McClain and decedent Saracini had similar tattoos on their hands, indicating that they were members of the same gang. The trial court sustained the Commonwealth's objection. At sidebar, [A]ppellant asserted that the similar tattoos could have signified a gang tattoo and, thus, a

conspiracy between the men to return and confront [A]ppellant. (Notes of testimony, 9/17/08 at 66-67.)

> ² Defense counsel stated that "RNR" referred to "Real Niggaz [*sic*] Riding," referred to in a rap song. (Notes of testimony, 9/17/08 at 65-66.)

***Commonwealth v. Burke***, No. 65 EDA 2009, unpublished memorandum at 6 (Pa. Super. filed 12/20/10).

On direct appeal, appellate counsel challenged the trial court's preclusion of McClain's testimony about the tattoos by arguing that the court's decision "precluded [Appellant] from making out a self-defense claim." ***Id.*** We deemed this argument waived, stating:

> Appellant did not make an argument at sidebar that his line of questioning regarding the tattoo was to develop a theory of complete self-defense. Rather, at sidebar, [A]ppellant stated [that] he wanted to use the tattoo evidence to suggest that the victims conspired to return to the scene and engage in violence. Thus, [A]ppellant's newly formulated basis for admission is waived as it was not specifically raised before the trial court. ***See Commonwealth v. Newman***, 555 A.2d 151, 156 (Pa. Super. 1986), *appeal denied*, … 655 A.2d 512 ([Pa.] 1995) ("[T]he party specifying the purpose for which the testimony is admissible cannot argue on appeal that the evidence was admissible for a purpose other than that offered at trial."). Appellant has waived any grounds, other than those raised at trial, for the admission of such evidence. ***Id.***; Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

***Id.*** at 6-7.

Herein, Appellant contends that direct appeal counsel was ineffective for framing his sole issue on appeal in such a way as to render the claim waived. Appellant's argument is meritless for two reasons. First, appellate counsel attempted to argue that the trial court erred by precluding McClain's

testimony about the "RNR" tattoo because that evidence was vital to developing Appellant's theory of self-defense. The fact that this Court concluded that that claim was waived implicates *trial* counsel's ineffectiveness, not appellate counsel's.

Second, Appellant has failed to demonstrate that he was prejudiced by appellate counsel's failure to raise the specific claim that was preserved below, *i.e.*, that McClain's testimony about his tattoo would have demonstrated "a conspiracy between [McClain and Saracini] to return and confront [A]ppellant." Appellant's Brief at 14. After this Court deemed Appellant's issue waived, we noted that:

> At any rate, … it was admitted [at trial] that [McClain and Saracini] were returning to the scene to fight [A]ppellant and his cohorts for 'disrespecting' McClain. Thus, it was not necessary for [A]ppellant to introduce [the tattoo] evidence to establish that McClain, Saracini, and the Carter brothers were acting in concert.

*Burke*, No. 65 EDA 2009, unpublished memorandum at 7. Thus, it is apparent that even had appellate counsel challenged the trial court's ruling on the basis preserved below, this Court would have deemed that claim meritless.

Accordingly, Appellant has failed to demonstrate that appellate counsel acted ineffectively. It was *trial* counsel that failed to preserve the argument that McClain's testimony was vital to proving that Appellant acted in self-defense. Furthermore, this Court noted on direct appeal that the testimony about McClain's tattoo was not necessary to establish a conspiracy between

McClain and Saracini to attack Appellant, thus indicating that we would have deemed this claim meritless had appellate counsel raised it on appeal. Consequently, the PCRA court did not err in denying Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2016