J-S30039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REGINALD TERREL FOSTER | |
| Appellant | No. 1506 EDA 2015 |

Appeal from the PCRA Order April 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009100-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:                  **FILED MAY 20, 2016**

Reginald Foster appeals from an order denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  Because Foster is no longer serving any sentence, we affirm.

On February 26, 2013, the trial court found Foster guilty of two counts of driving under the influence, 75 Pa.C.S. § 3802, and sentenced him to 72 hours – 6 months' imprisonment.  The sentence began on March 22, 2013.  Foster filed a timely direct appeal, and this Court affirmed on April 15, 2014.

On May 13, 2014, Foster filed a PCRA petition alleging ineffective assistance of counsel.  The court appointed counsel to represent Foster.  On February 15, 2015, counsel moved to withdraw and filed a "no merit" letter advising that Foster was not entitled to PCRA relief because he was no longer serving any sentence.  Counsel served Foster with a copy of the "no

merit" letter and motion to withdraw. On April 2, 2015, the court filed a notice of intent to dismiss Foster's PCRA petition and served Foster with this notice via certified mail. On April 22, 2015, the court granted counsel's motion to withdraw and dismissed Foster's PCRA petition.[1] Foster filed a timely appeal to this Court. On July 31, 2015, the court filed a Pa.R.A.P. 1925 opinion recommending that this Court affirm on the ground that Foster was no longer serving any sentence.

We agree that Foster is not entitled to relief. The PCRA provides that "to be eligible for relief … the petitioner must plead and prove … [that] at the time relief is granted, [he is] currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i). Foster began serving his sentence on March 22, 2013, and his sentence ended on September 22, 2013. At the time the court reviewed his PCRA petition in 2015, he was no longer serving any sentence and could not obtain relief under the PCRA. *See Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa.Super.2014) (defendant was no longer eligible for PCRA relief for his DUI conviction where he had completed serving his sentence for this offense).

Order affirmed.

---

[1] Foster does not object to counsel's motion to withdraw or "no merit" letter in this appeal. Based on our Supreme Court's instruction to avoid raising these matters *sua sponte*, we will refrain from examining these issues. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.2009).

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary


Date: 5/20/2016