J. S02013/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 2000 EDA 2018 |
| | : | |
| DWAYNE ANTHON EDWARDS | : | |

Appeal from the PCRA Order Entered June 4, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000661-2015

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED MAY 08, 2019**

The Commonwealth appeals the June 4, 2018 order entered in the Court of Common Pleas of Delaware County that granted Dwayne Anthon Edwards's amended petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), and ordered a new trial.  After careful review, we affirm.

The PCRA court set forth the following:

> After a jury trial[, appellee] was found guilty of indecent assault of a person less than thirteen years of age[Footnote 1], corruption of minors[Footnote 2], endangering the welfare of a child[Footnote 3], and false imprisonment[Footnote 4].  [Appellee] was found not guilty of Involuntary Deviate Sexual Intercourse, Sexual Assault and Aggravated Indecent Assault.  A sentence of twelve to eighty-four months of incarceration to be followed by three years of probation was imposed on October 16, 2015.

[Appellee] moved for reconsideration of sentence. Following the denial of that post-sentence motion[, appellee] pursued his right to a direct appeal. On November 2, 2016 the Superior Court affirmed judgment of sentence. On February 15, 2017 the Supreme Court denied his Petition for Allowance of Appeal.

[Footnote 1] 18 Pa.C.S.A. § 3123(a)(7)[.]
[Footnote 2] 18 Pa.C.S.A. § 6301(a)(1)(i)[.]
[Footnote 3] 18 Pa.C.S.A. § 4304(a)(1)[.]
[Footnote 4] 18 Pa.C.S.A. § 2903(a)(1)[.]

On May 1, 2017 [appellee] filed a **_pro se_** Motion for [PCRA r]elief. Counsel was appointed and on April 6, 2018 appointed counsel filed an amended petition on [appellee's] behalf. This petition alleged that [appellee] was denied the effective assistance of counsel at trial. In support it was alleged that trial counsel was informed of the existence of certain character witnesses who were available to testify on [appellee's] behalf at trial but that counsel failed to contact or call the witnesses to testify. No evidence of [appellee's] reputation for relevant character traits was offered at trial.

An evidentiary hearing took place on May 17, 2018. At the hearing the [PCRA c]ourt heard the testimony of [appellee] and of trial counsel. Although the relevant character witnesses were in attendance the substance of their testimony was entered by stipulation. Each character witness would testify that she was available to testify at trial regarding [appellee's] reputation for being a peacefulness [sic] and law-abiding individual. It was also stipulated that each of these witnesses was "either related [to [appellee]] as relative and mother and wife." At the conclusion of the hearing the [PCRA c]ourt took the matter under advisement and on June 4, 2018 an Order granting [appellee] a new trial was entered.

The Commonwealth filed a motion for reconsideration. On July 2, 2018 the motion for reconsideration was denied. The Commonwealth filed a timely Notice of

> Appeal on July 3, 2018, necessitating this Opinion. In its timely "Concise Statement of Matters Complained of on Appeal," the Commonwealth claims that the PCRA court's determination that trial counsel provided ineffective assistance was in error because [appellee] failed to prove that the absence of the proposed character testimony was not so prejudicial as to have denied [appellee] a fair trial.

PCRA court opinion, 8/14/18 at 1-2 (record citations omitted; some brackets in original).

The Commonwealth raises the following issue for our review:

> Did the [PCRA] court commit an error of law in finding that trial counsel was constitutionally ineffective and ordering a new trial?

Commonwealth's brief at 7.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

The Commonwealth's issue asserts error in the PCRA court's determination that trial counsel was ineffective.

In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. ***Commonwealth v. Rollins***, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellee must establish three factors. First, that the underlying claim has arguable merit. ***See Commonwealth v. Travaglia***, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. ***Id.*** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellee must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellee has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

The failure to call character witnesses does not constitute ***per se*** ineffectiveness. ***Commonwealth v. Cox***, 603 Pa. 223, 983 A.2d 666, 693 (Pa. 2009) (citation omitted). In establishing whether defense counsel was ineffective for failing to call witnesses, appellee must prove:

the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Treiber*, 121 A.3d 435, 464-465 (Pa.Super. 2015) (citation omitted).

The record reflects that in his amended PCRA petition, appellee alleged that he informed trial counsel of the existence of four character witnesses; specifically, Sherenina Hylton, Louise Brown, Gabrielle Graham, and Jade Graham. (Appellee's amended PCRA petition, 3/6/18 at 1, ¶ 5.) Appellee further alleged that trial counsel "did not contact any of these individuals to testify as character witnesses at the time of [appellee's t]rial" and that counsel's failure to do so "constitutes ineffectiveness of counsel." (*Id.* at 2, ¶¶ 6, 7.)

The record further reflects that at the evidentiary hearing, the parties stipulated that Ms. Hylton, who was identified as appellee's cousin; Ms. Brown, who was identified as appellee's aunt; Gabrielle Graham, who was identified as appellee's wife; and Jade Graham, who was identified as appellee's daughter, would have testified that they were available to testify at trial and that they would have testified that appellee is a peaceful and law-abiding

citizen. (Notes of testimony, 5/17/18 at 29-30, 33-35.) The record also demonstrates that the testimony of appellee and trial counsel conflicted as to whether appellee informed trial counsel of the existence of these four witnesses. Additionally, the record reveals that appellee testified that he was convicted of disorderly conduct and placed on probation in 2010. (*Id.* at 29.) At the conclusion of testimony, PCRA counsel argued that "there was no reason not to put character witnesses on," but whether trial counsel had a reasonable basis was "at least partially . . . an issue of credibility." (*Id.* at 36.)

On June 4, 2018, the PCRA court entered an order, without an opinion, that granted appellee PCRA relief in the form of a new trial. (Order of court, 6/4/18.) The Commonwealth filed a motion for reconsideration alleging that appellee failed to meet his burdens of (1) establishing that no reasonable basis existed for trial counsel's actions; and (2) prejudice. (Commonwealth's motion for reconsideration of order granting PCRA relief, 6/20/18.) The PCRA court denied the motion without an opinion. (Order of court, 7/2/18.)

In its Rule 1925(a) opinion, the PCRA court, who also presided at trial, concluded that:[1]

---

[1] We note that in its Rule 1925(a) opinion, the PCRA court states that the "Commonwealth does not challenge the PCRA [c]ourt's determinations that [appellee's] claim has arguable merit and that trial counsel had no reasonable basis for his failure to present character witnesses in this case." (PCRA court opinion, 8/15/18 at 3.) A reading of the Commonwealth's brief reveals that it correctly recognizes that because the PCRA court made a factual finding based on a credibility determination as to this prong of the ineffectiveness test, this

Had evidence of [appellee's] reputation for law abidingness been put before the jury[, appellee] would have been entitled to the Standard Jury Instruction:

> The law recognizes that a person of good character is not likely to commit a crime that is contrary to that person's nature. Evidence of good character may by itself raise a reasonable doubt of guilt and require a verdict of not guilty. You must weigh and consider the evidence of good character along with the other evidence in the case. If, on all the evidence, you have a reasonable doubt of the defendant's guilt, you must find him not guilty. However, if, on all the evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should find him guilty.

Pennsylvania Suggested Standard Criminal Jury Instructions, 3.06.

The fact that the witnesses offered were [appellee's] relatives does not warrant a different conclusion. The evidence of guilt in this case was far from overwhelming. The [v]ictim's complaint came three years after the alleged assault and long after the relationship between [the victim's mother] and [appellee] ended. However, there was evidence that during the intervening years the animus between the two remained. Familial character witnesses may "lack the credibility of unbiased non-familial witnesses." However, they are not worthless and should have been made available for the jury's consideration. ***See Commonwealth v. Weiss***, 606 A.2d 439, 443 (Pa. 1992). Finally, [appellee] admitted that in 2010 he was convicted of disorderly conduct, a misdemeanor. This conviction would properly have been raised in cross-examination. Given the relatively minor

---

court is bound by that determination on appeal. (Commonwealth's brief at 18.)

conviction in comparison to the nature and seriousness of the crimes charged the impact of that evidence would have had little if any impact on a factfinder.

PCRA court opinion, 8/14/18 at 8-9.

Our review of the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, as viewed in the light most favorable to appellee who prevailed below, supports the PCRA court's factual findings. The PCRA court deemed appellee's evidence more credible than the evidence presented by the Commonwealth, and based upon those determinations, the PCRA court found that appellee carried his burden in establishing trial counsel's ineffectiveness. Because the record supports the PCRA court's findings, we decline to disturb its determination on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/19