J-S39045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER  BRUNKEL | : | |
| | : | |
| Appellant | : | |
| | : | No. 1597 EDA 2018 |

Appeal from the PCRA Order April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003830-2013

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 21, 2019**

Appellant, Christopher Brunkel, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  Appellant contends dismissal was erroneous where he presented ample proof that he exercised due diligence in seeking *nunc pro tunc* PCRA relief upon learning plea counsel had not filed a requested direct appeal.  We affirm.

The PCRA court aptly sets forth the pertinent procedural history, as follows:

> On June 5, 2013, Appellant pled guilty before this Court, to the charges of Aggravated Assault, Robbery, Burglary, Conspiracy to Commit Burglary, and Possession of an Instrument of Crime [filed in connection with his forcible entry into the home of a 94 year-old woman, whom he repeatedly punched, threatened with a needle, and bound with duct tape before taking her jewelry].

_____

* Former Justice specially assigned to the Superior Court.

Pursuant to the negotiated plea Appellant was sentenced to thirteen to twenty-six years of incarceration.

On July 26, 2013, Appellant's [plea] counsel filed a Motion for Reconsideration of Sentence. On November 12, 2013, the Motion for Reconsideration was denied by operation of law.

On August 1, 2015, Appellant sent to the Philadelphia District Attorney's Post-Conviction Relief Act Unit an "Amended Petition for Post Conviction Collateral Relief." Commonwealth's Motion to Dismiss at Exhibit A. On August 21, 2015, Appellant filed *pro se* a Motion for the Appointment of Counsel. On October 26, 2015, Appellant filed *pro se* a *Nunc Pro Tunc* Notice of Appeal along with a Continuation of *Informa Pauperis* Status for Purposes of Appeal *Nunc Pro Tunc*.

On May 26, 2016, Appellant filed *pro se* an Application for Post-Conviction Collateral Relief. On December 1, 2016, Appellant's attorney filed an Amended PCRA petition.

On March 24, 2017, the PCRA court held an evidentiary hearing as [to] whether Appellant's rights should be reinstated *nunc pro tunc*. On March 23, 2018, the PCRA court issued a Letter of Intent to Dismiss . . . because Appellant's petition was untimely filed and did not invoke an exception to the timeliness provision of the PCRA. On April 27, 2018, the PCRA court formally dismissed Appellant's PCRA petition.

On May 25, 2018, Appellant filed a Notice of Appeal of the PCRA court's April 27, 2018 Order. On June 18, 2018, Appellant was ordered to submit a Statement of Matters Complained [of] on Appeal, in accordance with [Pa.R.A.P.] 1925(b), within twenty-one days. Appellant filed [his] Statement July 9, 2018.

PCRA Court Opinion, filed 8/29/18, at 2-3.

Appellant raises one issue for our consideration:

Did the [PCRA] court err when it dismissed Brunkel's [PCRA] petition as untimely or non-meritorious where 1) Brunkel was abandoned by his prior counsel, who did not file a requested direct appeal; 2) Brunkel was incarcerated, without access to public records, and because he trusted his prior counsel to handle the appeal, he cannot be considered not to have been "duly diligent"

- 2 -

in ascertaining the status of his appeal when, after not hearing from his own attorney for months, he decided to investigate himself as to its status and write to the Clerk of Courts directly; 3) upon learning that his counsel had not filed a requested direct appeal, Brunkel acted within days and filed a PCRA seeking the reinstatement of his rights to an appeal?

Appellant's brief, at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. **Id**.

There is no dispute that Appellant's PCRA petition is facially untimely under 42 Pa.C.S. § 9545(b)(1). Therefore, for our courts to have jurisdiction over his petition, Appellant must plead and prove a timeliness exception under Section 9545(b)(1)(i-iii).[1] In this vein, he attempts to invoke the newly-

_____

[1] Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). To invoke an exception, a petition must allege and the petitioner must prove:

discovered facts exception to the PCRA's time-bar by claiming plea counsel abandoned him after the denial of his post-sentence motion, he was not aware that counsel failed to file a requested direct appeal, and he filed a PCRA petition within 60 days of learning, through the exercise of due diligence, that his counsel failed to file the direct appeal. *See Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (holding petitioner entitled to invoke newly-discovered facts exception to PCRA time-bar where he files PCRA petition within 60 days of learning former counsel abandoned direct appeal).

The PCRA court, however, presided over an evidentiary hearing and made a finding of fact that plea counsel credibly testified she notified Appellant immediately about the denial of his post-sentence motion and received no

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S. § 9545(b)(1). Further, under the present facts, Appellant needed to have filed his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). *But see* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018 (amending subsection 9545(b)(2) to extend time for filing petition from 60 days to one year from date claim could have been presented).

request from Appellant to file a direct appeal. See N.T. 3/24/17, at 46-47; PCRA Court Opinion, at 5-6. The court, furthermore, determined Appellant failed to exercise due diligence in waiting nearly two years to ascertain the status of his appeal despite receiving such notice from counsel. *Id.*, at 6. The record supports the court's determinations in this regard.

Thus, we conclude Appellant filed his PCRA petition belatedly and failed to plead and prove a PCRA time-bar exception with the PCRA court. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>8/21/2019</u>