J-S03030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY SCOTT ROMANETTI JR. | : | |
| | : | |
| Appellant | : | No. 916 WDA 2021 |

Appeal from the PCRA Order Entered July 12, 2021
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000360-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY SCOTT ROMANETTI, JR. | : | |
| | : | |
| Appellant | : | No. 917 WDA 2021 |

Appeal from the PCRA Order Entered July 12, 2021
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000357-2019

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: APRIL 01, 2022**

Timothy Scott Romanetti, Jr., appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

In May 2018, police observed Romanetti sell ketamine[2] to a confidential informant pursuant to a controlled drug buy. Police arrested Romanetti and charged him at docket 357 of 2019 with possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.

In December 2018, Romanetti called emergency services to report that his mother had overdosed in his room of their house. Police responded to the emergency. While attending to Romanetti's mother in Romanetti's room, they observed cocaine, marijuana, and ketamine, drug paraphernalia, and a large sum of United States currency. Police arrested Romanetti and charged him at docket 360 of 2019 with three counts of PWID, three counts of possession of a controlled substance, and one count of possession of drug paraphernalia.

On June 28, 2019, Romanetti entered a negotiated guilty plea to one count of PWID at docket 357 of 2019, and three counts of PWID at docket 360 of 2019. The court immediately imposed the agreed-upon aggregate sentence of three and one-half to seven years of imprisonment,[3] followed by three years of consecutive probation. *See* Sentencing Order, 6/28/19, at 1-2. Consistent with the plea agreement, the Commonwealth moved for an order of *nolle*

---

[2] Ketamine is a controlled substance. *See* Controlled Substance, Drug, Device, and Cosmetic Act. 35 P.S. §§ 780-101, 104(3)(ix).

[3] Romanetti incorrectly asserts that his aggregate sentence was eighteen to thirty-six months of imprisonment. *See* Romanetti's Brief at 6.

*prosequi* of the remaining charges at both dockets. *Id*. at 2. Romanetti did not file a direct appeal at either docket.

On June 11, 2020, Romanetti filed a *pro se* PCRA petition. He retained PCRA counsel, Todd M. Mosser, Esquire, who filed an amended PCRA petition asserting, *inter alia*, plea counsel's ineffectiveness for not filing a motion to suppress at both dockets. The PCRA court scheduled an evidentiary hearing. At the hearing, plea counsel testified that she and Romanetti discussed a suppression motion. However, she explained, they agreed not to file the motion, in part due to concerns that the litigation of such a motion could result in the discovery of a home surveillance video showing Romanetti removing two drug-filled safes from the house. N.T., 5/17/21, at 13-15, 17, 28. Plea counsel also testified that Romanetti told her that after his mother had overdosed and he had contacted emergency services, he left his mother to remove those incriminating items from the house. *Id*. at 9-10, 44. Contrary to plea counsel's testimony, Romanetti testified that counsel had not discussed suppression with him, but merely told him that his only options were to plead guilty or go to trial. He further testified that there were no drugs or paraphernalia in plain view in his room when he called to report that his mother had overdosed there. *Id*. at 62-70, 75, 91. At the conclusion of the hearing, the PCRA court took the matter under advisement.

Approximately two weeks after the hearing, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition. In the notice, the

PCRA court explained that it credited plea counsel's testimony and determined that counsel was not ineffective for declining to file a motion to suppress. **See** Notice, 6/1/21, at 2, 9. Romanetti did not respond to the Rule 907 notice. Instead, he filed a *pro se* notice of his intent to appeal the anticipated dismissal of his petition and requested that the court appoint PCRA appellate counsel.

On July 12, 2021, the PCRA court entered an order dismissing Romanetti's petition and granting his request for the appointment of PCRA appellate counsel. Romanetti filed a timely notice of appeal at each docket.[4] The PCRA court did not order Romanetti to file a Rule 1925(b) statement, and it did not prepare a 1925(a) opinion.

On appeal, Romanetti asserts the ineffectiveness of prior PCRA counsel, Attorney Mosser. Although claims of PCRA counsel's ineffectiveness are cognizable under the PCRA, until recently a petitioner was required to assert such a claim in response to a PCRA court's Rule 907 notice. **See Commonwealth v. Pitts**, 981 A.2d 875, 879-80 (Pa. 2009) (finding a claim of PCRA counsel's ineffectiveness unreviewable on appeal where it was not asserted in response to Rule 907 notice). Recognizing that this requirement hampered a petitioner's ability to vindicate his right to the effective assistance of PCRA counsel, our Supreme Court recently ruled that a petitioner preserves

---

[4] This Court *sua sponte* consolidated Romanetti's appeals. **See** Pa.R.A.P. 513 (permitting *sua sponte* consolidation).

his claim of PCRA counsel's ineffectiveness when he raises that claim at the first opportunity to do so, even if that opportunity first occurs on appeal of the denial of PCRA relief. *See Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021). When this Court is presented with a preserved claim of PCRA counsel's ineffectiveness first asserted on appeal, this Court may either remand the case for the PCRA court's consideration of the claim or, if the existing record is sufficient to permit review, decide the claim without a remand. *Id*. at 402.

Here, Romanetti raised his claim of ineffectiveness of prior PCRA counsel at his first opportunity.[5] Because the record is sufficient to permit our review, we address his issue.

Romanetti raises the following issue for our review:

Should this Honorable Court remand to the PCRA court to permit [him] to litigate a claim that prior PCRA counsel was ineffective in failing to raise a claim that plea counsel was ineffective in failing to discuss a potential motion to dismiss several of the charges against him pursuant to the Pennsylvania Drug Overdose Response Immunity [Act]?

Romanetti's Brief at 4.

This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

---

[5] Romanetti was not required to respond to the Rule 907 notice. *See Bradley*, 261 A.3d at 400-01. Additionally, the PCRA court did not order him to file a Rule 1925(b) statement. Therefore, Romanetti's brief to this Court is the first opportunity for him to assert his claim of Attorney Mosser's ineffectiveness.

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. . . . We view the record in the light most favorable to the prevailing party in the PCRA Court. . . We are bound by any credibility determinations made by the PCRA court where they are supported by the record. . . However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. Super. 2018) (citation and quotations omitted).

Romanetti's issue implicates the ineffective assistance of counsel. As this Court has stated:

To obtain relief on a claim of ineffective assistance of counsel, a PCRA petitioner must . . . establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. . . If a claim fails under any required element. . . the court may dismiss on that basis. . . Counsel is presumed to be effective, and the burden of demonstrating ineffectiveness rests on the appellant.

*Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*) (citations omitted). (citation omitted). A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. *See Commonwealth v. Solano*, 129 A.3d 1156, 1163 (Pa. 2015).

Additionally, because Romanetti's claim focuses on prior PCRA counsel's ineffectiveness for failing to raise a claim of plea counsel's ineffectiveness, "he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190

- 6 -

(Pa. Super. 2012), *reversed in part by* **Bradley**, 261 A.3d at 401. An assessment of counsel's ineffectiveness for failing to assert the ineffectiveness of prior counsel necessarily involves an assessment of prior counsel's alleged ineffectiveness:

> Layered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" . . . "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue."

**Id**. (citations omitted).

The Pennsylvania Drug Overdose Response Immunity Act ("DORIA"), 35 P.S. § 780-113.7, provides, in relevant part, that a person may not be charged with, and is immune from prosecution for, among other crimes, possession of a controlled substance and possession of drug paraphernalia where he establishes that he: (1) reported a drug overdose event in the reasonable belief that another person needed immediate medical attention; (2) provided his own name and location and cooperated with law enforcement; and (3) remained with the person needing medical assistance until law enforcement or emergency service personnel arrived. **See** 35 P.S. § 780-113.7(a)(2), (b). DORIA is unavailable to a person who cannot establish he remained with the person needing assistance until law enforcement or emergency service

personnel arrived. *See Commonwealth v. Nunez*, 238 A.3d 420, 428 (Pa. Super. 2020).

In the instant matter, Romanetti asserts that plea counsel was ineffective for failing to discuss with him a DORIA motion to dismiss the four misdemeanor possessory charges at docket 360 of 2019 that resulted from the police response to his mother's overdose. *See* Romanetti's Brief at 4, 14-15. Romanetti also asserts that prior PCRA counsel was ineffective for not advancing a claim that his pleas were involuntary because plea counsel did not discuss with him a potential DORIA motion to dismiss the possession charges at docket 360 of 2019. *See* Romanetti's Brief at 16; Reply Brief at 3-4.

Our review of the record discloses that plea counsel, whom the PCRA court found credible, testified that Romanetti told her that after reporting his mother's overdose, he did not remain with her until authorities arrived. Instead, he left the house to dispose of contraband. *See* N.T. 5/17/21, at 9-10, 44; *see also* Notice 6/1/21, at 9 (finding plea counsel's testimony to be credible). That evidence establishes that Romanetti could not have satisfied DORIA's requirement that he remain with the person needing assistance until authorities arrived. *See* 35 P.S. § 780-113.7(a)(2)(iii); *see also Nunez,* 238 A.3d at 428. A DORIA motion to dismiss the four misdemeanor possession charges at docket 360 of 2019 would, therefore, have been futile.

Accordingly, there is no arguable merit to Romanetti's claim that plea counsel was ineffective for failing to discuss a DORIA motion.

Because Romanetti cannot establish the arguable merit prong of the ineffective test as to plea counsel, his claim fails without further review. ***See Johnson***, 139 A.3d at 1272; ***see also Solano***, 129 A.3d at 1163.[6] Further, because plea counsel was not ineffective, PCRA counsel cannot have been ineffective for failing to raise a meritless claim of plea counsel's ineffectiveness. ***See Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021) (holding that counsel cannot be found ineffective for failing to pursue a meritless claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022

---

[6] We further observe that Romanetti cannot establish that he was prejudiced by plea counsel's failure to discuss a DORIA motion to dismiss the possession charges at docket 360 of 2019, as plea counsel succeeded in obtaining the dismissal of all possession charges at both dockets.